333 A.2d 853

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**Larry SMALLS, Appellant (three cases).**

Supreme Court of Pennsylvania.

Submitted Jan. 8, 1974.

Decided March 18, 1975.

438

Ricardo C. Jackson, Harold L. Randolph, Philadelphia, for appellant.

Arlen Specter, Dist. Atty., Richard A. Sprague, 1st Asst. Dist. Atty., David Richman, Asst. Dist. Atty., Chief, Appeals Div., Maxine J. Stotland, Asst. Dist. Atty., Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

OPINION OF THE COURT

EAGEN, Justice.

On July 15, 1970, Larry Smalls, the appellant herein, was convicted by a jury of aggravated robbery, burglary and murder in the first degree. Subsequently, a court en banc denied motions in arrest of judgment and/or a new trial, and a sentence of life imprisonment was imposed on the murder conviction. On the robbery and burglary convictions, terms of probation aggregating 40 years were imposed. Appeals from the probation orders were filed in the Superior Court and were later certified here. An appeal from the judgment of sentence imposed on the murder conviction was filed in this Court. The

three appeals pose the same legal issues and will be disposed of in this one opinion.

That the trial evidence was sufficient to establish beyond a reasonable doubt that Smalls committed the crimes of which he stands convicted is not now challenged. An examination of the record discloses that from uncontradicted testimony offered by the Commonwealth, the jury was warranted in finding that on June 25, 1969, Smalls and four other young men, acting in concert, robbed a retail grocery store at 5416 Westminster Avenue in Philadelphia, and during the robbery Smalls shot Roger Crudup, the proprietor, in the head and the wound caused the victim's death a few hours later.

Smalls says three errors occurred in the trial process, and a new trial should be granted.

First, it is said the trial court erred in permitting the Commonwealth to introduce into evidence a typewritten confession Smalls made and signed during police custody. However, this alleged error was not properly preserved in the trial court for appellate review.

Pre-trial, Smalls attempted unsuccessfully to have this evidence suppressed and also entered an objection to its use during the trial. But, its evidentiary use was not assigned as error either in the written motion for a new trial, or during the oral argument on the new trial motion before the court en banc below. Under the circumstances, the issue will not be reviewed here. See *Commonwealth v. Agie*, 449 Pa. 187, 296 A.2d 741 (1972).

Next, Smalls assigns as error the evidentiary use at trial of a tape recording of his confession. The attack on this particular evidence is two-pronged: (1) it was the product of an unnecessary delay between the arrest and arraignment in violation of Rule 118 (now 130) of the Pennsylvania Rules of Criminal Procedure, 19 P.S.

Appendix, and, hence, its trial use was proscribed. *Commonwealth v. Futch,* 447 Pa. 389, 290 A.2d 417 (1972), and *Commonwealth v. Williams,* 455 Pa. 569, 319 A.2d 419 (1974); and (2) its evidentiary use was unnecessary and tended to unduly inflame the minds of the jurors against the accused.

We direct our attention initially to the "unnecessary delay" issue. Accepting this issue is properly before us [1] and assuming this evidence was the product of an "unnecessary delay" within the meaning of Rule 118 of the Pennsylvania Rules of Criminal Procedure, its admission into evidence was not error since it was merely a reading of the typewritten confession the admission of which is not now open to question.[2]

1. The trial and all proceedings in the trial court antedated this Court's decision in *Commonwealth v. Futch,* supra. Pretrial, Smalls attempted unsuccessfully to suppress this evidence on the ground it was involuntary and entered the same objection to its use at trial. As to whether or not the issue of "unnecessary delay" is properly before us, see *Commonwealth v. Wayman,* 454 Pa. 79, 309 A.2d 784 (1973).

2. The confession and the challenged tape recording came into being under the following circumstances.

Smalls was taken into police custody at his home about 4:10 A.M. on June 28, 1969, and arrived at the Police Administration Building, Homicide Division, about twenty minutes later in the company of his wife. After being warned of his rights as mandated by *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L. Ed.2d 694 (1966), and being told of the crimes under investigation, Smalls was questioned for the first time by a Detective McGurk at 5:00 A.M. for about fifteen minutes.

During this questioning, Smalls admitted having had possession of the gun used in the Crudup killing and giving it to his cousin, Leroy Johnson. As a result, Detective McGurk immediately secured a search warrant for the residence of Johnson and Smalls was permitted to visit with his wife until 6:10 A.M.

At 6:10 A.M., Smalls was confronted by a codefendant, Robert Mercier, who accused him of shooting Crudup. Commencing at 6:15 A.M., Smalls was questioned again for about thirty-five minutes by Detective McGurk, but said nothing incriminating. He was then fed and left alone. Beginning at 8:10 A.M., he was again questioned for a period of two hours and it was during this period Smalls admitted his part in the Crudup crimes. Beginning at 10:35 A.M. and continuing until 1:00 P.M., in answer to questions, Smalls repeated the details of the occurrence and these questions and answers were recorded on a typewriter. After the

■■ Nor are we impressed with the argument that playing the tape recording within the hearing of the jury unduly influenced the minds of that body. If by "inflamed" it is meant this evidence was damaging to Smalls' defense, this is true, but it does not follow that because of this its admission constituted error. In view of the issues raised at trial, the tape recording was of significant evidentiary value. First, it tended to contradict Smalls' trial testimony that due to the consumption of alcoholic beverages, he "had no recollection of doing this" . . . "no recollection of being anywhere near any crime". Secondly, it was an important consideration for the jury in determining the voluntariness of Smalls' confession.

■ The final assignment of error arises from the following. Testifying in his own defense, Smalls stated at trial that he had been drinking whiskey "prior to June 25" . . . "to the point . . . [he] could not recall" what he did on that date. The defense also introduced the testimony of Dr. Francis H. Hoffman, consultant to the Division of Psychiatry of the Philadelphia courts, and that of Dr. Warren Smith, a practicing psychiatrist. Dr. Hoffman testified that based on an examination of Smalls, he concluded Smalls possessed a schizoid personality. The witness described such personality in this manner, "An individual who tends to be a loner and tends to look to others for direction and for approval and for approbation. It does not indicate he is suffering from any major mental illness."

Dr. Smith studied Dr. Hoffman's diagnostic report and examined Smalls personally during the luncheon recess at trial on July 14, 1970. He expressed the opinion

typewriting was completed, Smalls signed each page of the finalized statement. Then a detective read the questions as shown in the statement aloud into a tape recorder and after each question, Smalls read aloud his answer in response thereto. This tape recording was admitted into evidence, over objection, and played during the trial within the hearing of the jury.

Smalls had a schizoid personality which would become psychotic under stress, and that if Smalls consumed large quantities of alcohol on June 25th, as alleged, he could have suffered from an acute brain syndrome which would render him incapable of differentiating between right and wrong, and deprive him of recalling events that happened at or about that time.

The Commonwealth offered no expert testimony to refute Dr. Hoffman's or Dr. Smith's testimony, and because of this, it is argued the Commonwealth's case was deficient in that it failed to establish beyond a reasonable doubt Smalls possessed the mental capacity to form the necessary intent to commit the crimes. This position is devoid of merit. See *Commonwealth v. Rose,* 457 Pa. 380, 321 A.2d 880 (1974).

Judgment and orders affirmed.

MANDERINO, J., dissents.

NIX, J., took no part in the consideration or decision of this case.