406 A.2d 1007

COMMONWEALTH of Pennsylvania

v.

Robert Nixon POTTS, Appellant.

Supreme Court of Pennsylvania.

Submitted March 8, 1979.

Decided Oct. 1, 1979.

Reargument Denied Oct. 31, 1979.

510

Leonard G. Ambrose, III, Erie, for appellant.

Donald E. Lewis, Asst. Dist. Atty., Meadville, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO, LARSEN and FLAHERTY, JJ.

. OPINION

MANDERINO, Justice.

Appellant, Robert Nixon Potts, was drinking alcoholic beverages with his wife in various taverns located in the

Borough of Cambridge Springs, Pennsylvania. During the evening appellant became involved in several arguments with his wife and at one point when he saw her speaking to one of his co-workers, James Bushey, appellant physically assaulted Bushey. Appellant apparently believed that his wife was having an affair with Bushey. Appellant was overheard telling his wife that she should not return home that night because he was going to go home and load his rifle. The bartender then saw appellant strike his wife and ordered him to leave. Appellant went to his apartment which was nearby, sent the babysitter home and took his children across the hall to his sister's apartment. Appellant then loaded his rifle and returned to the bar approximately fifteen minutes after being ejected. Appellant shot his wife and was knocked unconscious in the scuffle which ensued. The wife died as a result of the wounds inflicted and appellant was charged with murder.

Appellant was subsequently convicted in a nonjury trial of murder of the first degree. Trial counsel filed post-verdict motions. Appellant then retained a new attorney (present appellate counsel), who filed amended post-verdict motions and in addition a request for an evidentiary hearing on various matters. A hearing was granted limited to one issue raised concerning trial counsel's alleged ineffectiveness. All relief was denied and this appeal followed.

■ Appellant now argues that the trial court erred in concluding that trial counsel was not ineffective. We agree and therefore reverse the judgment of sentence and grant a new trial.

Appellant contends that trial counsel was ineffective in failing to present available psychiatric and psychological testimony which would have been highly relevant in determining whether appellant acted with malice, thus committing murder—or acted in the heat of passion, committing voluntary manslaughter. *Commonwealth v. McCusker*, 448 Pa. 382, 292 A.2d 296 (1972). Since the sole issue at trial was the appellant's state of mind at the time of the shooting, we conclude that trial counsel's failure to present the

available psychiatric and psychological testimony had no reasonable basis designed to effectuate his client's interest. *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967).

Between appellant's arrest and his trial, he was examined by a psychiatrist and a psychologist. Trial counsel had two relevant reports concerning appellant's state of mind. One was a psychological report by Dr. Don W. Brian, D.Ed., which stated that appellant was "a seriously, emotionally disturbed individual and possibly a borderline psychotic . . who is . . . consumed with hostility, assaultive ideations, unstable moods. . . ." Under his specific findings, this expert reported that "the subject perceives reality inaccurately, is typically disoriented, and experiences psychotic episodes" and he portrays "assaultive tendencies and impulsive aggressiveness." The second report was made by Dr. James Markham, M.D., and while not as strongly worded, this psychiatrist did state that appellant had "some paranoid flavoring regarding the considerable difficulty centering around his wife." Dr. Markham further reported "[i]t would appear that whatever areas of weakness or difficulty he has, even if normal in degree under ordinary circumstances, would become exaggerated and more problem to him under times of stress and perhaps particularly under the influence of alcohol with stress and alcohol perhaps combining to form the worst of all possible conditions."

These reports contained important psychiatric and psychological evidence and were certainly relevant as to appellant's state of mind. The prosecutor proceeded on a theory that appellant acted with malice and given the above quoted expert reports, the theory that appellant acted without malice and in the heat of passion certainly had arguable merit. As we stated in *Commonwealth v. McCusker* :

"Surely the admission of relevant and probative psychiatric evidence would have aided the jury in resolving those conflicting claims. The admissibility of relevant psychiatric testimony on the issue of whether defendant acted in the heat of passion does not, of course, intrude upon the

jury's traditional function of determining for itself the credibility and weight which it will accord that testimony."

448 Pa. at 391, 292 A.2d at 291.

The evidence available to defense counsel in this case was "evidence of probative value *vital to a determination of defendant's state of mind.*" *Id.* (Emphasis added.) Although in *McCusker* it was the trial court which excluded the psychiatric testimony from the factfinder, we find it no less prejudicial to an accused when trial counsel fails to introduce evidence relevant to a crucial issue unless the failure is based upon reasonable trial strategy. In cases such as appellant's, the factfinder is required to determine a complex and crucial question concerning the accused's state of mind. Before the factfinder makes such a decision, the accused is entitled to have all relevant information before the factfinder. Factfinders today, be they judge or jury, are sufficiently sophisticated to evaluate psychiatric and psychological testimony and determine the extent to which such testimony contributes, in a particular case, to the object of all trials—the quest for truth and justice. In the interest of reaching a just decision, the factfinder should have such relevant information before it.

When the only issue is appellant's state of mind, trial counsel's decision not to present relevant psychiatric and psychological testimony which may be determinative of the issue can be as damaging to the truthfinding process as the failure in other contexts to present the testimony of an available eyewitness, alibi witness, or other key witness. *Commonwealth v. Twiggs,* 460 Pa. 105, 331 A.2d 440 (1975).

We are unable to perceive any reasonable basis designed to effectuate appellant's interest for trial counsel's course of action. Appellee contends that the course of action was a logical trial strategy. That strategy according to appellee was to rely on proof concerning *intoxication* to negate the existence of malice and not to rely on proof concerning *heat of passion* to negate malice. That argument might be persuasive *if* evidence concerning intoxication were incom-

patible with evidence concerning heat of passion. Each approach could lead to a verdict of less than murder of the first degree.

We conclude that trial counsel was ineffective for failing to present the available psychiatric and psychological testimony.

Appellant raises another issue concerning Pa.R.Crim.P. 1100. After reviewing this argument we hold that appellant's claim is meritless and the trial court did not err in denying his motion to dismiss based upon Rule 1100.

Appellant further raises the issue of whether the trial court erred in denying an evidentiary hearing on the issue that his waiver of a jury trial was not voluntary and trial counsel was ineffective in advising him on this waiver. We need not address this issue because of our disposition to grant appellant a new trial.

Judgment of sentence reversed and a new trial awarded.

NIX, J., filed a concurring opinion.

FLAHERTY, J., concurred in the result.

LARSEN, J., filed a dissenting opinion in which EAGEN, C. J., and O'BRIEN, J., joined.

NIX, Justice, concurring.

Although I agree that appellant's trial counsel was ineffective and that appellant is deserving of a new trial, I do so for reasons entirely different from those set forth in the Opinion of the Court.

I do not believe that appellant's attempted heat of passion argument has any foundation in our present law. Before deciding whether a defendant acted in the heat of passion, it first must be found that the defendant was exposed to sufficient provocation. See *Commonwealth v. Whitfield*, 475 Pa. 297, 380 A.2d 362 (1977). It is also settled that an objective test, rather than a subjective standard, is to be applied in determining whether there was serious provocation to reduce homicide to voluntary manslaughter. *Com-*

*monwealth v. Miller,* 473 Pa. 398, 374 A.2d 362 (1977). This rule is of long standing in our jurisprudence, see *Commonwealth v. Whitfield,* 475 Pa. 297, 304, 380 A.2d 362 (1977); *Commonwealth v. Miller, supra;. Commonwealth v. Stasko,* 471 Pa. 373, 384, 370 A.2d 350 (1977); *Commonwealth v. McCusker,* 448 Pa. 382, 389, 292 A.2d 286 (1972); *Commonwealth v. Robinson,* 452 Pa. 316, 323, 305 A.2d 354 (1973); *Commonwealth v. Brown,* 436 Pa. 423, 427–28, 260 A.2d 742 (1969); *Commonwealth v. Walters,* 431 Pa. 74, 82, 244 A.2d 757 (1968); *Commonwealth v. Yeager,* 329 Pa. 81, 86, 196 A. 827 (1938); *Abernathy v. Commonwealth,* 101 Pa. 322 (1882); *Lynch v. Commonwealth,* 77 Pa. 205, 208 (1873); *Commonwealth v. Drum,* 58 Pa. 9, 17 (1868); *Kilpatrick v. Commonwealth,* 31 Pa. 198 (1858); *Commonwealth v. Mosler,* 4 Pa. 264 (1846). Today the majority sweeps away this rule based upon *Commonwealth v. McCusker,* supra. *McCusker,* however explicitly held that an objective standard is required to be applied in determining whether there was sufficient provocation. 448 Pa. at 389, 292 A.2d at 289.

Just two short years ago this Court ruled that subjective psychiatric evidence is not relevant to a determination of whether the defendant acted under sufficient provocation. In *Commonwealth v. Stasko,* supra, six members of the Court held:

In *Commonwealth v. McCusker,* 448 Pa. 382, 292 A.2d 286 (1972), we held that psychologic and psychiatric evidence was admissible for the limited purpose of determining whether a defendant acted in the heat of passion at the time of the offense. There, relevant evidence of mental disorders which contributed to the impassioned state was withheld by the trial court from the jury. This ruling was found to be erroneous:

"As an aid to the jury . . . this Court has traditionally allowed an accused to offer testimony in an effort to establish his state of mind at the time of the crime." *Id.,* 448 Pa. at 391, 292 A.2d at 290.

No such evidence was offered, however, in the instant matter. The psychologist was introduced to testify con-

cerning the appellant's tendency to have a short temper and erupt in sudden rages. The purpose of the testimony was to show that, in the case of this particular accused, there was sufficient provocation for the attack. This evidence was clearly inadmissible:

> "Our law is quite explicit that the determination of whether a certain quantum of provocation is sufficient to support the defense of voluntary manslaughter is purely an objective standard." *Id.*, 448 Pa. at 389, 292 A.2d at 289.

The test for adequate provocation is "whether a reasonable man, confronted with this series of events, became impassioned to the extent that his mind was 'incapable of cool reflection.'" *Id.*, 448 Pa. at 390, 292 A.2d at 290. The reason for this rule was forcefully stated by Mr. Chief Justice Gordon in *Jacobs v. Commonwealth*, 121 Pa. 586, 592–93, 15 A. 465 (1888):

> "The questions thus proposed were properly rejected, because, had the required answers been received, the court could have done nothing else than instruct the jury to disregard them. They were intended, not to establish the fact that Jacobs, when he committed the homicide, was constrained by an insane impulse which for the time destroyed his free agency, but only to show that he was of an excitable temperament; . . . But a rule which would allow the justification of crime on such pretext would utterly pervert and subvert the moral order of things. . . . The phlegmatic man may be moved to anger as well as the most nervous; the only difference is that it requires more to affect the one than the other; but when passion is once aroused in either, it is the same unreasoning and unreasonable power. Why, then, should it not excuse crime in the one as well as in the other? If the murder of the latter may thus be reduced in degree, why not that of the former? Questions, such as these, at once show the utter inapplicability of the rule contended for, hence it must be rejected. The main object of the Penal Code is to

compel man to restrain their evil passions and desires, hence the want of such restraint is rather an aggravation of than an excuse for crime."

*See also Small v. Commonwealth,* 91 Pa. 304 (1880). There was, then, no error in the refusal of the psychologist's testimony.

471 Pa. at 383–85, 370 A.2d at 355–56.

The present case is similar to the *Collins* case decided just nine years ago. *Commonwealth v. Collins, supra.* There this Court unanimously held that there was insufficient objective evidence of provocation to raise the issue of voluntary manslaughter where the testimony indicated that the defendant was mad at his wife and suspected her of having an affair with another man. We then affirmed his conviction for murder of the first degree. I therefore believe that action of the majority today in abandoning the objective standard and replacing it with a subjective determination of provocation, is without legal or logical support.

Nor do I agree with the statement in the Opinion of the Court that evidence concerning intoxication and evidence concerning heat of passion are not mutually exclusive. The effect of a heat of passion defense is to admit that the killing was intentional but done under a sudden and intense provocation. An intoxication defense, on the other hand, is based upon the belief that the defendant's drunkenness robbed him of the ability to form the required intent to commit first degree murder. Thus heat of passion has intent to kill as a constituent element whereas an intoxication defense requires the negation of that intent.

Although appellant's trial counsel was not ineffective for failing to introduce psychiatric evidence for heat of passion purposes, I believe trial counsel *was* ineffective for failing to introduce this evidence to show a diminished capacity on the part of appellant. Appellant's psychiatric problems when combined with his intoxication results in a reasonable and certainly arguable claim of diminished capacity. *See, Commonwealth v. Walzack,* 468 Pa. 210, 360 A.2d 914 (1976); *Commonwealth v. Graves,* 461 Pa. 118, 123, 334 A.2d 661

518

(1975). Thus appellant would have stood a good chance of reducing the level of the homicide from first degree murder to third degree murder. I therefore agree that appellant is entitled to a new trial.

LARSEN, Justice, dissenting.

I dissent.

A review of the psychiatric and psychological reports does not demonstrate any evidence which would support the "heat of passion" defense. I would, therefore, affirm the ruling of the lower court (the Honorable F. Joseph Thomas) on this matter and deny the defendant's request for a new trial.

EAGEN, C. J., and O'BRIEN, J., join in this dissenting opinion.