450 A.2d 732

**COMMONWEALTH of Pennsylvania**

**v.**

**Louis B. STEWART, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 14, 1981.

Filed Sept. 17, 1982.

Petition for Allowance of Appeal Denied Jan. 31, 1983.

Michael P. Dignazio, Media, for appellant.

David E. Fritchey, Assistant District Attorney, Media, for Commonwealth, appellee.

Before WICKERSHAM, BECK and POPOVICH JJ.

BECK, Judge:

Appellant, Louis B. Stewart, was convicted by a jury of murder in the first degree. Post-verdict motions were timely filed by trial counsel who thereafter retired from practicing law. Appellant secured new counsel who filed supplemental motions alleging, *inter alia,* ineffective assistance of counsel. A hearing was held and post-verdict motions were denied. Appellant was sentenced to life imprisonment, and he appeals from judgment of sentence.

The facts underlying the instant appeal are uncontroverted. On July 30, 1979, the Upper Darby Police Department received a call informing them that a woman was unconscious at 7293 Glenthorne Road. The caller identified himself as Michael Fitzpatrick and gave the number of the telephone from which he was calling; that number corresponded to the phone in the deceased's apartment. The police proceeded to Glenthorne Road and discovered that there was no building with the given address. A second call was received by the dispatcher stating that the police were at the wrong address and that the building for which they were looking was down the street. The police ascertained that the correct address was 7293 Guilford Road, which road crosses Glenthorne Road. Upon arriving at the deceased's building, police observed appellant exiting the premises, waving to them and beckoning them to the scene. At the murder scene, appellant volunteered to the police officers that he was not the person who called them. He told them that a Michael Fitzpatrick had made the call. Upon entering the deceased's apartment, the police officers discovered the naked body of the seventy-four year old victim covered with feces and blood; her eyeballs had been removed from the sockets. There were no people either inside the victim's apartment or in the front section of the building. After noticing blood on appellant's clothing, the officers asked him

if he would accompany them to the station. There he was read his *Miranda* [*v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) ] rights and arrested.

 Appellant alleges initially that the lower court erred in allowing the taped telephone conversation to be played to the jury. The voice that was recorded, appellant argues, was not properly identified. It is clear, though, that when seeking to introduce testimony as to the content of a telephone conversation, the identity of the caller may be established by circumstantial evidence. *Commonwealth v. Carpenter,* 472 Pa. 510, 372 A.2d 806 (1977); *Commonwealth v. Topa,* 269 Pa.Super. 473, 410 A.2d 354 (1979); *Commonwealth v. DeRohn,* 444 Pa. 334, 282 A.2d 256 (1971). We find that the trial court did not err in concluding that there were sufficient indicia of reliability supporting the identification of appellant as the caller and accordingly find no error in admitting the taped conversation. As noted above, appellant was the only person in the vicinity of the victim's apartment, and he told the police officers that Michael Fitzpatrick, not he, had called them. The record reflects that Michael Fitzpatrick was incapacitated in the Delaware County Hospital at that time, making it extremely unlikely that it was he who placed the call. Also the facts that appellant was aware of the call, that he volunteered to the officers at the murder scene much of the information supplied in the telephone call, and that he was leaving the deceased's apartment when the police arrived, all point to appellant as the caller.

 Appellant next objects to admission of the tape for any purpose because its "negligible" probative value was outweighed by its prejudicial impact. We find that the tape was logically relevant in that it tended to connect appellant to the crime as well as to explain the course of conduct of the police officers. This Court in *Commonwealth v. Ryan,* 253 Pa.Super. 92, 103, 384 A.2d 1243, 1249 (1978) (emphasis in original) held that the trial court was correct in admitting

testimony as to radio broadcasts "to show the mental state of the police and explain their course of *conduct.*" *Accord, Commonwealth v. Cruz,* 489 Pa. 559, 414 A.2d 1032 (1980).

The standard for excluding logically relevant evidence was well stated by this Court in *Commonwealth v. Strube,* 274 Pa.Super. 199, 216–217, 418 A.2d 365, 374 (1979), *cert. denied,* 449 U.S. 992, 101 S.Ct. 527, 66 L.Ed.2d 288 (1980):

> [E]vidence which is logically relevant should be excluded when it would so inflame the minds of the jurors that its probative value is outweighed by unfair prejudice. *Commonwealth v. Bryant,* 461 Pa. 3, 334 A.2d 603 (1975); *Commonwealth v. Smalls,* 460 Pa. 436, 333 A.2d 853 (1975); *Commonwealth v. Hickman,* 453 Pa. 427, 309 A.2d 564 (1973); *Commonwealth v. Wright,* 227 Pa.Super. 134, 323 A.2d 349 (1974). Because no rigid rule might be formulated to embrace the infinite range of evidence which might be proffered, and because the trial judge is in a far superior position to assess any possible prejudicial effect on the jury, we will not reverse the trial court's decision on admissibility absent an abuse of discretion. *Commonwealth v. Sero,* 478 Pa. 440, 387 A.2d 63 (1978); *Commonwealth v. Sullivan,* 472 Pa. 129, 371 A.2d 468 (1977); *Commonwealth v. Pilosky,* 239 Pa.Super. 233, 362 A.2d 253 (1976); *Commonwealth v. Kinnard,* 230 Pa.Super. 134, 326 A.2d 541 (1974).

We find that the recording was not unduly inflammatory; therefore the lower court judge did not abuse his discretion in admitting it.*

Appellant additionally alleges several instances in which his trial counsel was ineffective. Our standard of review in

---

\* Appellant suggests that because the recording tended to link him to the crime and damaged his defense, it was unduly prejudicial and therefore should not have been admitted. We find that argument to be sheer sophistry, and it has been explicitly rejected by our Supreme Court. *E.g., Commonwealth v. Rigler,* 488 Pa. 441, 412 A.2d 846 (1980), *cert. denied,* 451 U.S. 1016, 101 S.Ct. 3004, 69 L.Ed.2d 387 (1981); *Commonwealth v. Green,* 477 Pa. 170, 383 A.2d 877 (1978); *Commonwealth v. Smalls,* 460 Pa. 436, 333 A.2d 853 (1975).

evaluating such claims was recently reasserted in *Commonwealth v. Schroth,* 495 Pa. 561, 564, 435 A.2d 148, 149 (1981):

In considering appellant's claim of ineffective counsel, we are governed by *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967), where we held that a court must independently review the record and examine counsel's stewardship in light of available alternatives. The inquiry ceases and counsel is deemed to have been effective once the court is able to conclude that counsel's actions had a reasonable basis designed to effectuate the client's interests. The test is not whether it appears on hindsight that another course of action would have been more reasonable. Further, counsel is not ineffective in failing to assert a baseless claim. *Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977).

■ Appellant asserts that trial counsel failed to file a motion for pre-trial discovery pursuant to Pa.R.Crim.P. 305 and that as a result he was not prepared for the testimony of an expert witness who testified that a fingerprint lifted from a tray in the victim's apartment matched appellant's left ring finger. We initially note that appellant's trial counsel had engaged in informal discovery and had been allowed thoroughly to peruse the prosecution's file prior to trial. He testified at the post-conviction hearing that he was not aware of this particular piece of evidence. But this omission could hardly be termed ineffective in that it was never controverted at trial that appellant had been inside the victim's apartment. In fact, it was established that he had been living with her. Our Supreme Court, in *Commonwealth v. Ford,* 491 Pa. 586, 592, 421 A.2d 1040, 1043 (1980), quoting *Commonwealth v. Wade,* 480 Pa. 160, 172, 389 A.2d 560, 566 (1978) reiterated the requirement of prejudice resulting from trial counsel's omission or commission in order for there to be a finding of ineffective assistance.

[B]efore a defendant on direct appeal is entitled to relief under a theory of ineffective assistance of trial counsel, it must appear that the lawyer's act of omission or commission was arguably ineffective representation, *and that it is*

likely that such ineffectiveness was prejudicial to the defendant.

(Emphasis added.)

Appellant also contends that by failing to object to the admission of the aforementioned tape recording, trial counsel was ineffective. As discussed above, that evidence was both logically and legally relevant and was thus admissible. "[W]e have consistently held counsel will not be considered to have been ineffective if his action or inaction had 'some reasonable basis designed to effectuate his client's interests.' *Commonwealth ex rel. Washington v. Maroney,* [427 Pa. 599, 604, 235 A.2d 349, 352 (1967)]. And we will find a 'reasonable basis' for inaction if the thing not done had no likelihood of success." *Ford,* 491 Pa. at 593–594, 421 A.2d at 1044. Applying that standard, it becomes clear that objecting to plainly admissible evidence bore "no likelihood of success."

 Appellant asserts that trial counsel rendered ineffective assistance in failing to move for a demurrer or a directed verdict at the completion of the prosecution's case. The test for ruling upon a demurrer or a motion for a directed verdict is whether "the prosecution's evidence, and all inferences arising therefrom, considered in the light most favorable to the prosecution are insufficient to prove beyond a reasonable doubt that the accused is guilty of the crimes charged." *Commonwealth v. Finley,* 477 Pa. 382, 384, 383 A.2d 1259, 1260 (1978). *Compare, e.g., Commonwealth v. Baker,* 287 Pa.Super. 39, 429 A.2d 709 (1981). In light of the evidence presented, it appears that either motion would have been an exercise in futility. It is quite clear that the prosecution had presented a prima facie case and that there was sufficient evidence to sustain a guilty verdict.

Appellant's final assertion is that trial counsel was ineffective in failing to present psychiatric testimony because "the sole issue confronting the jury in its deliberation was the Defendant's state of mind at the time of the killing." (Appellant's brief at 21.) Were the sole issue state of mind, trial counsel would clearly have been ineffective in failing to

introduce psychiatric testimony. Appellant points to *Commonwealth v. Potts,* 486 Pa. 509, 406 A.2d 1007 (1979) for the foregoing proposition. In that case there was no issue as to whether defendant committed the murder, and our Supreme Court stated:

> When the only issue is appellant's state of mind, trial counsel's decision not to present relevant psychiatric and psychological testimony which may be determinative of the issue can be as damaging to the truthfinding process as the failure in other contexts to present the testimony of an available eyewitness, alibi witness, or other key witness.

*Id.,* 486 Pa. at 513, 406 A.2d at 1009. But *Potts* is readily distinguishable from the instant case in that appellant Stewart insisted upon his innocence.

The instant case is controlled by *Commonwealth v. Mizell,* 493 Pa. 161, 425 A.2d 424 (1981). The *Mizell* court held that the failure to seek and introduce psychiatric testimony supporting an insanity defense where defendant maintained his innocence did not rise to the level of ineffective assistance of counsel.

> Presentation of an insanity defense would imply that appellant committed the act in question, a position totally diametric to appellant's assertion. Under these circumstances, where counsel represented a lucid defendant who refused to submit to a psychiatric examination and who insisted upon his innocence of the act charged, we do not find an insanity issue which counsel can be deemed ineffective for having failed to pursue.

*Id.,* 493 Pa. at 164, 425 A.2d at 426. We find that trial counsel acted reasonably in deferring to appellant's assertion of innocence. Appellant himself refused to consider a diminished capacity defense, and we will not now find trial counsel ineffective for seeking an acquittal for an act appellant claims he did not perform.

Judgment of sentence affirmed.