J. S37031/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ALI GALLOWAY, | : | No. 3181 EDA 2018 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order Entered September 28, 2018,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0002930-2009

BEFORE:  BOWES, J., KUNSELMAN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED SEPTEMBER 23, 2019**

Ali Galloway appeals **pro se** from the September 28, 2018 order entered in the Court of Common Pleas of Philadelphia County dismissing his second PCRA petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court set forth the procedural history as follows:

> On May 11, 2010, [appellant] was convicted of robbery (18 Pa.C.S.[A.] § 3701(a)(1)(ii)), aggravated assault (18 Pa.C.S.[A.] § 2702(a)), and criminal conspiracy to commit both aggravated assault and robbery (18 Pa.C.S.[A.] § 903(a)).  On June 22, 2010, the [trial c]ourt imposed consecutive terms of 5 to 10 years for robbery, 5 to 10 years for aggravated assault, and 5 to 10 years for criminal conspiracy, for an aggregate sentence of 15 to 30 years['] incarceration.

On October 7, 2011, the Superior Court affirmed [appellant's] judgment of sentence. [Appellant] then filed a ***pro se*** petition under the Post Conviction Relief Act ("PCRA") on August 16, 2013. On February 28, 2014, Joseph Schultz, Esquire was appointed to represent [appellant]. On November 9, 2015, pursuant to ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988), Mr. Schultz filed a motion to withdraw as counsel and a letter stating that [appellant's] petition was untimely ("***Finley*** letter"). On November 10, 2015, the [PCRA c]ourt issued notice, pursuant to Pa.R.Crim.P. 907 ("907 Notice") of its intention to dismiss [appellant's] petition without a hearing. [Appellant] submitted a response to the [PCRA c]ourt's 907 Notice ("907 Response") on November 29, 2015, claiming that he had requested appellate counsel to file a petition for allowance of appeal in the Pennsylvania Supreme Court. Thereafter, Mr. Schultz filed an amended PCRA petition alleging that appellate counsel was ineffective for failing to petition for allowance of appeal. Following an evidentiary hearing on the issue, on July 1, 2016, the [PCRA c]ourt reinstated [appellant's] right to file a petition for allowance of appeal. Thereafter, [appellant] filed a petition for allowance of appeal, and, on January 31, 2017, the Supreme Court denied the petition.

[Appellant] filed a second ***pro se*** PCRA petition as well as a Brief In Support of Petition For Relief Under the Post Conviction Relief Act (hereinafter, "Brief in Support of Petition") on March 2, 2018. Joseph L. Coleman, Esquire was appointed to represent [appellant] on March 20, 2018. On June 4, 2018, Mr. Coleman filed a motion to withdraw as counsel and a ***Finley*** letter stating that there was no merit to [appellant's] claims for collateral relief. On June 15, 2018, the [PCRA c]ourt issued notice, pursuant to Pa.R.Crim.P. 907 ("907 Notice") of its intention to dismiss [appellant's] petition without a hearing. [Appellant] submitted a response to the [PCRA c]ourt's 907 Notice ("907 Response") on August 28, 2018. On September 28, 2018, the [PCRA c]ourt

> dismissed [appellant's] PCRA petition and granted Mr. Coleman's motion to withdraw his appearance.
>
> [Appellant] has now appealed the [PCRA c]ourt's dismissal of his PCRA petition . . . .

PCRA court opinion, 12/27/18 at 1-2. The PCRA court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely complied. The PCRA court subsequently filed its Rule 1925(a) opinion.

Appellant raises the following issue for our review:

> Was trial defense counsel ineffective in failing to demurrer and/or request a directed verdict of acquittal in relation to the charges of criminal conspiracy to commit robbery; robbery; and criminal conspiracy to commit aggravated assault?[1]

Appellant's brief at vi.[2]

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). We review the appeal

---

[1] We note that pursuant to Pa.R.Crim.P. 606, the term "demurrer" for challenges to the sufficiency of the evidence is now referred to as a motion for judgment of acquittal. **See** Pa.R.Crim.P. 606 (A)(1) and Comment. Similarly, "[a] motion for directed verdict is the same as a motion for judgment of acquittal." **Commonwealth v. Sunealitis**, 153 A.3d 414, 420 (Pa.Super. 2016). Therefore, we shall address appellant's claim in terms of counsel's alleged ineffectiveness for failing to file a motion for judgment of acquittal.

[2] We note that appellant does not contend that trial counsel was ineffective for failing to file a motion for judgment of acquittal on the charge of aggravated assault. (Appellant's brief at 7-11.)

"in the light most favorable to the prevailing party at the PCRA level[,]" and "[o]ur review is limited to the findings of the PCRA court and the evidence of record." *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa.Super. 2014) (*en banc*). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa.Super. 2014) (citations omitted). "This [c]ourt grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." *Commonwealth v. Hickman*, 799 A.2d 136, 140 (Pa.Super. 2002) (citation omitted).

When presented with a claim of ineffective assistance of counsel, this court has held:

> [t]o be eligible for relief based on a claim of ineffective assistance of counsel, a PCRA petitioner must demonstrate, by a preponderance of the evidence, that (1) the underlying claim is of arguable merit; (2) no reasonable basis existed for counsel's action or omission; and (3) there is a reasonable probability that the result of the proceeding would have been different absent such error.

*Commonwealth v. Matias*, 63 A.3d 807, 810 (Pa.Super. 2013) (citation omitted), *appeal denied*, 74 A.3d 1030 (Pa. 2013). "The failure to satisfy any one of the prongs requires rejection of the petitioner's claim." *Commonwealth v. Williams*, 141 A.3d 440, 454 (Pa. 2016) (citation omitted).

This court has long held that trial counsel cannot be ineffective for failing to present a motion for judgment of acquittal at the conclusion of the prosecution's case "when the prosecution has presented a **prima facie** case and there was sufficient evidence to sustain a guilty verdict." **Commonwealth v. Stewart**, 450 A.2d 732, 735 (Pa.Super. 1982); **see also** Pa.R.Crim.P. 606(A)(1) (stating, "[a] defendant may challenge the sufficiency of the evidence to sustain a conviction of one or more of the offenses charged in . . . a motion for judgment of acquittal at the close of the Commonwealth's case-in-chief."). "The test for ruling upon a motion for judgment of acquittal is whether 'the prosecution's evidence, and all inferences arising therefrom, considered in the light most favorable to the prosecution are insufficient to prove beyond a reasonable doubt that the accused is guilty of the crimes charged.'" **Stewart**, 450 A.2d at 735, citing **Commonwealth v. Finley**, 383 A.2d 1259, 1260 (Pa. 1978); **see also Sunealitis**, 153 A.3d at 420 (stating, "[a] motion for judgment of acquittal challenges the sufficiency of the evidence to sustain a conviction on a particular charge, and is granted only in cases in which the Commonwealth has failed to carry its burden regarding that charge.").

Here, appellant argues that trial counsel was ineffective for failing to file a motion for judgment of acquittal on the charges of robbery, conspiracy to commit robbery, and conspiracy to commit aggravated assault. (Appellant's brief at 1-13.) In so arguing, appellant asserts an underlying challenge to the

sufficiency of the evidence to support each of the before-mentioned crimes. (*Id.* at 1.)

After careful review, we find that the Honorable Glenn B. Bronson in his Rule 1925(a) opinion, ably and comprehensively disposes of appellant's ineffectiveness claim by analyzing the sufficiency of the evidence to support the convictions of robbery, conspiracy to commit robbery, and conspiracy to commit aggravated assault with appropriate reference to the record and without error of law. (*See* PCRA court opinion, 12/27/18 at 5-9.) We adopt this portion of the opinion as our own.

The PCRA court concluded that in viewing the Commonwealth's evidence admitted at the conclusion of its case, and all inferences arising therefrom, considered in the light most favorable to the Commonwealth, there was sufficient evidence to sustain a guilty verdict and that the Commonwealth presented its *prima facie* case on the aforementioned charges. This conclusion is supported by the record and free of legal error. Specifically, the record reveals that there was sufficient evidence to support the robbery conviction in that appellant demanded money from the victim; upon refusal, appellant ordered the co-defendant to shoot the victim; the victim, while attempting to flee, was shot by the co-defendant; and as a result of the gunshot wounds, the victim was paralyzed from the waist down with complete spinal injury. (*Id.* at 7-8.) The record further supports that appellant and co-defendant committed numerous overt acts in furtherance of their

agreement to rob and assault the victim including evidence that appellant and co-defendant approached the victim together; appellant demanded money from the victim; appellant ordered co-defendant to shoot the victim; and the co-defendant shot the victim. (***Id.*** at 8-9.)

As the underlying claim of insufficient evidence to support the charges of robbery, conspiracy to commit robbery, and conspiracy to commit aggravated assault is without arguable merit, appellant's collateral claim that trial counsel was ineffective for failing to motion for judgment of acquittal fails. Therefore, the PCRA court did not err in dismissing appellant's PCRA petition.[3]

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/23/19

---

[3] We note appellant's boilerplate allegations that "[t]here is no reasonable strategic basis designed to effectuate [appellant's] interest by defense counsel's failure to challenge the sufficiency of evidence" and "[appellant] was prejudiced by defense counsel's inaction." (Appellant's brief at 12.) These allegations fail to satisfy the second and third prongs of an ineffectiveness claim. ***See Commonwealth v. Paddy***, 15 A.3d 431, 443 (Pa. 2011) (stating, "We stress that boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective.").

FILED

2018 DEC 27 PM 2:44

OFFICE OF JUDICIAL RECORDS
CRIMINAL DIVISION
FIRST JUDICIAL DISTRICT
OF PENNSYLVANIA

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

COMMONWEALTH OF
PENNSYLVANIA

v.

ALI GALLOWAY

:
:
:
:
:
:
:
:
:
:

CP-51-CR-0002930-2009

OPINION

BRONSON, J.                                               December 27, 2018

On May 11, 2010, defendant Ali Galloway was convicted of robbery (18 Pa.C.S. §
3701(a)(1)(ii)), aggravated assault (18 Pa.C.S. § 2702(a)), and criminal conspiracy to commit
both aggravated assault and robbery (18 Pa.C.S. § 903(a)). On June 22, 2010, the Court imposed
consecutive terms of 5 to 10 years for robbery, 5 to 10 years for aggravated assault, and 5 to 10
years for criminal conspiracy, for an aggregate sentence of 15 to 30 years incarceration.

On October 7, 2011, the Superior Court affirmed defendant's judgment of sentence.
Defendant then filed a *pro se* petition under the Post Conviction Relief Act ("PCRA") on August
16, 2013. On February 28, 2014, Joseph Schultz, Esquire was appointed to represent defendant.
On November 9, 2015, pursuant to *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988),
Mr. Schultz filed a motion to withdraw as counsel and a letter stating that defendant's petition
was untimely ("*Finley* letter"). On November 10, 2015, the Court issued notice, pursuant to
Pa.R.Crim.P. 907 ("907 Notice") of its intention to dismiss defendant's petition without a
hearing. Defendant submitted a response to the Court's 907 Notice ("907 Response") on
November 29, 2015, claiming that he had requested appellate counsel to file a petition for
allowance of appeal in the Pennsylvania Supreme Court. Thereafter, Mr. Schultz filed an

1



CP-51-CR-0002930-2009 Comm. v. Galloway, Ali
Opinion

8207175191

amended PCRA petition alleging that appellate counsel was ineffective for failing to petition for allowance of appeal. Following an evidentiary hearing on the issue, on July 1, 2016, the Court reinstated defendant's right to file a petition for allowance of appeal. Thereafter, defendant filed a petition for allowance of appeal, and, on January 31, 2017, the Supreme Court denied the petition.

Defendant filed a second *pro se* PCRA petition as well as a Brief In Support of Petition For Relief Under the Post Conviction Relief Act (hereinafter, "Brief in Support of Petition") on March 2, 2018. Joseph L. Coleman, Esquire was appointed to represent defendant on March 20, 2018. On June 4, 2018, Mr. Coleman filed a motion to withdraw as counsel and a *Finley* letter stating that there was no merit to defendant's claims for collateral relief. On June 15, 2018, the Court issued notice, pursuant to Pa.R.Crim.P. 907 ("907 Notice") of its intention to dismiss defendant's petition without a hearing. Defendant submitted a response to the Court's 907 Notice ("907 Response") on August 28, 2018. On September 28, 2018, the Court dismissed defendant's PCRA petition and granted Mr. Coleman's motion to withdraw his appearance.

Defendant has now appealed the Court's dismissal of his PCRA petition on the grounds that: 1) the evidence was legally insufficient to sustain his convictions for robbery and conspiracy; and 2) trial counsel was ineffective for failing to request a directed verdict of acquittal for the charges of robbery and conspiracy. Statement of Errors Complained of on Appeal ("Statement of Errors") at ¶ 9(a)-(b). For the reasons set forth below, defendant's claims are either without merit or waived, and the PCRA Court's order dismissing his PCRA petition should be affirmed.

2

# I. FACTUAL BACKGROUND

The factual background of this matter is set forth in the Court's original Rule 1925(a) opinion filed in defendant's direct appeal as follows:

> At trial, the Commonwealth presented the testimony of John Borschell, Jr., John Borschell, Sr., Philadelphia Police Officer Michael Smith, Philadelphia Police detectives William Urban, Christopher Casee, Robert Killman, and John Harrigan. Defendant presented the testimony of Leslie Galloway, Demetrius Boswell, and Nyem Walker Pittman. Defendant also presented the testimony of Stephanie Galloway, Khalil Williams, and Ashley Alexander by way of stipulation. Viewed in the light most favorable to the Commonwealth as verdict winner, the evidence established the following.
>
> Just before nine o'clock on the night of September 14, 2008, John Borschell, Jr. left his house in Philadelphia and got on his scooter to go to a corner store to buy some milk, bread, and cigarettes for his mother. N.T. 05/04/2010 at 45. After making his purchases and exiting the store, Mr. Borschell lit up a cigarette, got on his scooter, and began driving toward his house. N.T. 05/04/2010 at 46. While driving on Unity Street, Mr. Borschell saw defendant Ali Galloway and codefendant Craig Timbers. N.T. 05/04/2010 at 46-48. As Mr. Borschell passed defendant and Timbers, one of them asked him if he had an extra cigarette. N.T. 05/04/2010 at 49. Mr. Borschell stopped and offered the remnants of a cigarette he had smoked earlier because he did not want to open the pack that he had just bought for his mother. N.T. 05/04/2010 at 49.
>
> Defendant began to "freak out" at Mr. Borschell and both defendant and Timbers began to demand Mr. Borschell give them his money. N.T. 05/04/2010 at 50-53. Defendant then said, "Just shoot the pussy, just shoot the pussy. We're taking your money, take everything." N.T. 05/04/2010 at 51-52. Seeing Timbers begin to take a gun out of his hooded sweatshirt, Borschell quickly began to drive away on his scooter, but was shot in his back and then again in the back of his right leg. N.T. 05/04/2010 at 52-55, 60. The second shot caused Borschell to lurch into the air and then land on the street. N.T. 05/04/2010 at 55. Thinking he would be shot again, Borschell tried to act like he was dead. N.T. 05/04/2010 at 55-56. After seeing that defendant and Timbers had left, Mr. Borschell began yelling for help. N.T. 05/04/2010 at 56. Some people eventually came to his assistance and called 9-1-1. N.T. 05/04/2010 at 57.
>
> Mr. Borschell was taken to Temple University Hospital where he stayed for three days before being transferred to Moss Rehab where he stayed for two months. N.T. 05/04/2010 at 59-61. The gunshot wound to his back left him paralyzed from the waist down. N.T. 05/04/2010 at 61-62. At the time of the trial, Borschell was still in considerable pain and still took medication. N.T. 05/04/2010 at 62.

3

Trial Court Opinion, filed December 2, 2010, at pp. 2-3.

## II. DISCUSSION

If court-appointed counsel for a PCRA petitioner determines that the issues the petitioner raises for collateral review are meritless, and the PCRA court concurs, counsel may withdraw and the petitioner may proceed *pro se,* by privately retained counsel, or not at all. *Commonwealth v. Finley*, 550 A.2d 213, 218 (Pa. Super. 1988). To be permitted to withdraw, petitioner's counsel must file a no-merit letter, or "*Finley* letter," detailing the nature and extent of counsel's review and listing each issue the petitioner wished to raise, with counsel's explanation as to why the issues are meritless. *Commonwealth v. Pitts*, 981 A.2d 875, 876 n.1 (Pa. 2009) (citing *Finley*, 550 A.2d at 215). After reviewing a *Finley* letter, the PCRA court is required to independently review the record to evaluate the petitioner's claims. *Id.* A PCRA petition may be dismissed without a hearing if the Court determines that there are no claims of arguable merit and no purpose would be served by further proceedings. *Commonwealth v. Ligons*, 971 A.2d 1125, 1143 (Pa. 2009); *see* Pa.R.Crim.P. 907(1).

In his *Finley* letter, Mr. Coleman stated his opinion that defendant's claims had no arguable merit. After an independent review of the record, the Court agrees with Mr. Coleman. Each of defendant's PCRA appellate claims is considered below.

### A. Sufficiency of the Evidence

Defendant first claims that "[t]he evidence is insufficient to establish, beyond a reasonable doubt, the charges of criminal conspiracy to commit robbery; robbery; and criminal conspiracy to commit aggravated assault." Statement of Errors at ¶ 9(a). Because this claim could have, but was not, raised on direct appeal, it is waived. 42 Pa.C.S. § 9544(b) ("an issue is

4

waived if the petitioner could have raised it but failed to do so before trial, at trial, [or] on appeal"); *see Commonwealth v. Lambert*, 797 A.2d 232, 240 (Pa. 2001).

### B.    Ineffective Assistance of Counsel

Defendant next claims that "[t]rial defense counsel was ineffective in failing to demurrer [sic] and/or request a directed verdict of acquittal in relation to the charges of criminal conspiracy to commit robbery; robbery; and criminal conspiracy to commit aggravated assault." Statement of Errors at ¶ 9(b). This claim is without merit.

Under Pennsylvania law, counsel is presumed to be effective and the burden to prove otherwise lies with the petitioner. *Commonwealth v. Reid*, 99 A.3d 427, 435 (Pa. 2014) (citing *Commonwealth v. Miller*, 819 A.2d 504, 517 (Pa. 2002)). To obtain collateral relief based on the ineffective assistance of counsel, a petitioner must show that counsel's representation fell below accepted standards of advocacy and that as a result thereof, the petitioner was prejudiced. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). In Pennsylvania, the *Strickland* standard is interpreted as requiring proof that: (1) the claim underlying the ineffectiveness claim had arguable merit; (2) counsel's actions lacked any reasonable basis; and (3) the ineffectiveness of counsel caused the petitioner prejudice. *Commonwealth v. Miller*, 987 A.2d 638, 648 (Pa. 2009); *Commonwealth v. Pierce*, 527 A.2d 973, 975 (Pa. 1987). To satisfy the third prong of the test, the petitioner must prove that, but for counsel's error, there is a reasonable probability that the outcome of the proceeding would have been different. *Commonwealth v. Sneed*, 899 A.2d 1067, 1084 (Pa. 2006) (citing *Strickland*, 466 U.S. at 694). If the PCRA court determines that any one of the three prongs cannot be met, then the court need not hold an evidentiary hearing as such a hearing would serve no purpose. *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super.), *app. denied*, 956 A.2d 433 (Pa. 2008).

5

Here, defendant's sole claim of ineffective assistance of counsel is premised upon trial counsel's failure to move for a judgment of acquittal on the conspiracy charge and the substantive charge of robbery.[1] Defendant does not contend that the evidence was insufficient on the substantive aggravated assault charge, and so does not fault trial counsel for failing to challenge the sufficiency of the evidence for that offense. Statement of Errors at ¶ 9(b); *see* Brief in Support of Petition at pp. 7-8. Rather, he argues that a prior inconsistent statement of the victim, John Borschell, Jr., refutes the evidence of conspiracy and robbery and renders the evidence legally insufficient for those charges. Brief in Support of Petition at pp. 3-7.

To prevail on his claim, defendant must demonstrate a reasonable probability that the trial court would have granted a motion for judgment of acquittal on the conspiracy and robbery charges had trial counsel made such a motion. *See Commonwealth v. Hanible*, 30 A.3d 426, 442-443 (Pa. 2011). The standard that would have governed the Court in deciding such a motion is as follows:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

---

[1] Defendant claims that counsel failed to file a "demurrer" or request a "directed verdict." Statement of Errors at ¶ 9(b). The Rules of Criminal Procedure state that challenges to the sufficiency of the evidence are now properly brought through a "motion for a judgment of acquittal." Pa.R.Crim.P. 606 and Comment thereto.

*Commonwealth v. Antidormi,* 84 A.3d 736, 756 (Pa. Super.), *app. denied,* 95 A.3d 275 (Pa. 2014) (citation omitted). The evidence presented at trial in support of the challenged convictions is first analyzed below. The Court then addresses defendant's specific contention regarding the victim's prior inconsistent statement.

Robbery

"A person is guilty of robbery if, in the course of committing a theft, he: …inflicts serious bodily injury upon another; [or] threatens another with or intentionally puts him in fear of immediate serious bodily injury." 18 Pa.C.S. § 3701(a)(1)(i)(ii). "An act shall be deemed 'in the course of committing a theft' if it occurs in an attempt to commit theft or in flight after the attempt or commission." 18 Pa.C.S. § 3701(a)(2). Theft is the unlawful taking of property of another with intent to deprive him thereof. 18 Pa.C.S. § 3921(a). "Serious bodily injury" is defined as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." *Commonwealth v. Fortune,* 68 A.3d 980, 984 (Pa. Super.), *app. denied,* 78 A.3d 1089 (Pa. 2013) (quoting 18 Pa.C.S. § 2301). In addition, it is well-established that any member of a conspiracy "is liable for the actions of the others if those actions were in furtherance of the common criminal design." *Commonwealth v. King,* 990 A.2d 1172, 1178 (Pa. Super. 2010), *app. denied,* 890 A.2d 1057 (Pa. 2012). Similarly, a defendant is criminally responsible for the conduct of another as an accomplice if the defendant "(1) intended to aid or promote the substantive offense; and (2) actively participated in that offense by soliciting, aiding, or agreeing to aid the principal." *Commonwealth v. Collins,* 957 A.2d 237, 263 (Pa. 2008) (citation omitted).

Here, the evidence was clearly sufficient to establish that defendant committed a robbery. Borschell testified that defendant and his co-defendant, Timbers, approached Borschell and

7

asked him for a cigarette. N.T. 5/4/2010 at 47, 49-50. After Borschell offered them the cigarette he was smoking, defendant suddenly said: "You know what? Fuck that. Just give us your money. Give us all your money." N.T. 5/4/2010 at 51. After Borschell said that he would not give up his money, defendant told Timbers, "You know what? Just shoot the pussy. Just shoot the pussy. We're taking your money, take everything." N.T. 5/4/2010 at 51. According to Borschell, when he then turned and tried to flee on his scooter, Timbers shot him in the back, paralyzing him. N.T. 5/4/2010 at 51-55.

Accordingly, Borschell's testimony established that defendant, accompanied by Timbers, demanded money from Borschell, and when Borschell refused to comply, defendant ordered his cohort to shoot Borschell. In addition, the Commonwealth presented medical records, by stipulation, which established that the gunshots fired at Borschell in the attempt to steal his money caused Borschell to become "paraplegic with complete spinal injury." N.T. 5/6/2010 at 143-44. Finally, Borschell consistently identified defendant as one of his assailants, identifying him from a photo array less than a month after the incident, N.T. 5/4/2010 at 79-80, and again in court during the trial, N.T. 5/4/2010 at 63. All of this was ample evidence from which a reasonable juror could conclude that defendant caused Borschell to sustain serious bodily injury in the course of committing a theft, and that therefore, he was guilty of robbery.

Conspiracy

To sustain a conviction for conspiracy, the Commonwealth must prove:

(1) that the defendant intended to commit or aid in the commission of a criminal act; (2) that the defendant entered into an agreement with another, i.e., the co-conspirator, to engage in a crime; and (3) that the defendant or one or more of the other co-conspirators committed an overt act in furtherance of the agreed upon crime.

*Commonwealth v. Little*, 879 A.2d 293, 298 (Pa. Super.), *app. denied*, 890 A.2d 1057 (Pa. 2005); *see* 18 Pa.C.S. § 903(a). Because in most conspiracy cases there is no direct evidence of either the defendant's criminal intent or of the conspiratorial agreement, "the defendant's intent as well as the agreement is almost always proven through circumstantial evidence, such as by 'the relations, conduct or circumstances of the parties or overt acts on the part of the co-conspirators.'" *Commonwealth v. Murphy*, 844 A.2d 1228, 1238 (Pa. 2004) (quoting *Commonwealth v. Spotz*, 716 A.2d 580, 592 (Pa. 1998)).

Here, the evidence stated above clearly established that defendant acted in concert with co-defendant Timbers to rob and assault Borschell. Both defendant and Timbers approached the victim together. Defendant demanded money while Timbers stood by with a handgun, and at defendant's direction, Timbers shot the victim when he failed to comply with defendant's demands. This was all compelling evidence that defendant and Timbers had agreed to act together to jointly rob Borschell, and that they committed numerous overt acts in furtherance of that agreement. For that reason, the jury's guilty verdict on the conspiracy charge was fully supported by the evidence.

### Victim's prior inconsistent statement

During the trial, the Commonwealth stipulated that the victim, Borschell, made a prior statement to police after the incident in which he stated that it was Timbers, and not defendant, who demanded money from Borschell. N.T. 5/4/2010 at 74-75,106-12. Based upon that prior inconsistent statement, defendant argues that the evidence established that Timbers robbed Borschell entirely on his own. He claims that while defendant admittedly directed Timbers to

9

shoot Borschell, the record is devoid of evidence that defendant had anything to do with the robbery, or that he entered into a conspiratorial agreement with Timbers to commit any crime.[2]

Defendant's argument is without merit. At trial, Borschell testified that it was defendant who demanded the money. N.T. 5/4/2010 at 51. When confronted with his prior statement to police by defendant's lawyer on cross-examination, Borschell adhered to his testimony that defendant demanded money before directing Timbers to shoot Borschell. N.T. 5/4/2010 at 112. The prior inconsistent statement was made by Borschell two days after the shooting from a hospital bed. N.T. 5/4/2010 at 74-75. The jury was free to believe defendant's trial testimony notwithstanding the inconsistencies. *Commonwealth v. Antidormi*, 84 A.3d 736, 756 (Pa. Super.), *app. denied*, 95 A.3d 275 (Pa. 2014). While the statement was relevant to determine Borschell's credibility, arguments regarding credibility of witnesses go to the weight, and not the sufficiency, of the evidence. *See Commonwealth v. Wilson*, 825 A.2d 710, 713-14 (Pa. Super. 2003). Moreover, the statement did not, in any manner, undermine the compelling evidence, detailed above, establishing that defendant and Timbers acted in concert to commit criminal objectives and were, therefore, guilty of conspiracy. *See* pp. 8-9, *supra*.

Finally, defendant appears to claim that the jury was required to accept Borschell's prior statement as being correct because it was the subject of a Commonwealth stipulation. *See* 907 Response at 7. However, the Commonwealth merely stipulated that the statement was made; there was no agreement that the prior statement was accurate or that it superseded Borschell's trial testimony. N.T. 5/4/2010 at 75.

---

[2] As stated above, defendant admits culpability for the assault: "It is admitted that petitioner 'commanded' that Borschell be shot.... This 'COMMAND' by petitioner to 'shoot that pussy' does make petitioner an accomplice to the aggravated assault of Mr. Borschell." Brief in Support of Petition at p. 7 (emphasis in original).

10

Accordingly, the record establishes that there was ample evidence from which the jury could conclude that defendant was guilty of conspiracy and robbery. For that reason, trial counsel could not have been ineffective for failing to file a motion challenging the sufficiency of the evidence.

### III. CONCLUSION

For the foregoing reasons, the Court's order dismissing defendant's PCRA Petition should be affirmed.

BY THE COURT:

GLENN B. BRONSON, J.