425 A.2d 424

**COMMONWEALTH of Pennsylvania**

v.

**James MIZELL, Appellant.**

Supreme Court of Pennsylvania.

Submitted Oct. 15, 1980.

Decided Feb. 10, 1981.

Jonathan R. Black, Philadelphia, for appellant.

Robert B. Lawler, Chief, Appeals Div., Sarah Vandenbraak, Philadelphia, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

Appellant, James Mizell, was convicted of murder of the first degree in the Court of Common Pleas of Philadelphia County. On direct appeal, we vacated the judgment of sentence and remanded the case to the trial court for an evidentiary hearing on whether trial counsel had a reasonable basis for not raising an insanity defense.[1] The instant appeal arose following reimposition of sentence in the court below, pursuant to that court's determination that counsel's action had a reasonable basis. The sole issue on appeal is whether counsel was ineffective for failing to obtain a psychiatric examination of appellant to assist appellant in deciding whether to present an insanity defense at trial.

On February 22, 1974, appellant stopped a police car and told the officer therein that a murder had occurred in the boarding house where appellant resided. He then said to the officer, "I know you, I have your picture at home. Oh, you are riding in a police car. That is smart." The officer requested that appellant accompany him to the crime scene, and, while in route, appellant repeated Islamic expressions,

1. *Commonwealth v. Mizell*, 479 Pa. 31, 387 A.2d 819 (1978).

spoke of the Koran, and then stated, "I had to murder him. He wouldn't listen to the words of Muhammad." Upon arrival at the boarding house, appellant entered alone, gathered some articles of clothing, returned to the police car, and requested that the officer transport him to the "Y". When a second officer arrived at the boarding house, appellant directed both officers to a room where the deceased, having been murdered with an ax, lay in a bed on which was found a Bible. Appellant then pointed to another room and stated, "He is in there, the one that did it is in there." A search of the indicated room revealed no person to be present. One of the officers asked appellant whether he knew anything about the crime and received a reply that the death was no accident and had to have occurred because the victim did not live right. No forcible entry had been made into the building, and, at the time of the murder, appellant was the only tenant having access to the premises. Clothing owned by appellant, which was stained with blood matching that of the deceased, was discovered in the building.

Psychiatrists examined appellant and on both March 25, 1974 and June 12, 1974 recommended to the court that he be determined incompetent for trial. On July 24, 1974, however, the psychiatrists concluded that appellant had become competent; hence, the court ruled him competent for trial, and, after a plea of not guilty was entered, trial commenced on November 19, 1974.

After a thorough review of the record of the evidentiary hearing, we find ample support for the hearing court's conclusion that counsel had a reasonable basis for not developing an insanity defense. Counsel testified that on numerous occasions prior to trial he discussed with appellant the availability of a psychiatric examination and the defense of insanity. On each occasion, however, appellant insisted he would not submit to a psychiatric examination, he did not commit the murder, he was not even present when the crime occurred, and that Muhammad would protect him through the ordeal of a trial. At trial, appellant elected not to testify, and the defense offered no evidence. Counsel did

cross-examine the Commonwealth's witnesses, and, in closing remarks to the jury, argued certain weaknesses in the circumstantial evidence against appellant and the lack of eye witnesses to the crime. Counsel testified that, with regard to the ability to confer over defense strategies, appellant was competent and lucid. He further testified that when confronted with such a defendant who knowingly and steadfastly refused to consider an insanity defense he refrained from developing such a tactic.

 Trial counsel inherently have broad discretion to determine the course of defense tactics employed. *Commonwealth v. Spells*, 490 Pa. 282, 416 A.2d 470 (1980). Presentation of an insanity defense would imply that appellant committed the act in question, a position totally diametric to appellant's assertion. Under these circumstances, where counsel represented a lucid defendant who refused to submit to a psychiatric examination and who insisted upon his innocence of the act charged, we do not find an insanity issue which counsel can be deemed ineffective for having failed to pursue. See *Commonwealth v. Gay*, 489 Pa. 17, 413 A.2d 675 (1980).

Order affirmed.