457 A.2d 505

COMMONWEALTH of Pennsylvania

v.

Francis Eugene WEAVER, Appellant.

Supreme Court of Pennsylvania.

Argued Jan. 27, 1983.

Decided March 16, 1983.

Priscilla M. Walrath, Wellsboro (Court-appointed), for appellant.

Rudolph J. Van der Hiel, Dist. Atty., Mansfield, for appellee.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

On January 13, 1978, in a trial by jury in the Court of Common Pleas of Tioga County, the appellant, Francis Eugene Weaver, was found guilty of murder of the first degree and reckless endangerment. Judgments of sentence, consisting of life imprisonment for the murder conviction and a two year suspended sentence for the reckless endangerment offense, were imposed. The instant appeal ensued.

Trial counsel is alleged to have been ineffective for presenting, without appellant's consent, a defense of diminished capacity despite appellant's insistence upon presenting a defense that someone else had committed the murder for which he was charged. We have reviewed the evidence, and the defense alternatives considered by counsel, and find ample support for the finding of the court below that counsel presented the only viable defense. Nevertheless, an accused offering evidence under the theory of diminished capacity concedes general criminal liability, *Commonwealth v. Walzack,* 468 Pa. 210, 221, 360 A.2d 914, 919–920 (1976), and the authority to make such a concession is solely that of the accused. See *Commonwealth v. Davis,* 457 Pa. 194, 198–199, 322 A.2d 103, 106 (1974). See also *Commonwealth v. Mizell,* 493 Pa. 161, 164, 425 A.2d 424, 426 (1981).

At the post-trial hearing on claims of trial counsel's ineffectiveness, appellant testified as follows:

Two days before trial, before the picking of the jury, I was given a copy of a case called *Commonwealth vs. Walzack.* I don't particularly know the cites. And told to read it over, that was our defense. It had to do with diminished capacity. I wanted to go in with a not guilty plea. But they wished to go in with diminished capacity, and that's what we went in with.

Appellant's trial counsel's testimony as to the defense selected was the following:

If I may make a comment. I don't think that we were .. we had convinced Mr. Weaver of what our defense was going to be, until the day before we actually put on our defense. We had had the ballistics information gathered. We had the various medical and psychological reports. Mr. Weaver kept telling us that the defense he wanted to use was that someone from the building adjacent to the shop, had shot Mr. Walls. We told him that that was not a viable defense and that we felt that the only defense that he had was the diminished capacity defense. And that's what was agreed to the day before we went and actually put on the defense's case. That was agreed to by Mr. Weaver.

■ Although counsel testified that appellant agreed to the diminished capacity defense, and the record would amply support a finding that such an agreement occurred, there is simply no finding of fact by the court below as to whether the requisite agreement occurred. Indeed, the court concluded, "It is apparent that the only defense the defendant had was diminished capacity. The defendant's desire to pursue the theory that some other person fired the fatal shot could not be supported in anyway by the evidence." Thus, we remand to the court below for a finding of fact as to whether appellant did agree, in response to the advice of

442

counsel, that a diminished capacity defense should be presented.[1]

Judgment of sentence vacated and case remanded for a finding on this issue. If the lower court finds appellant consented to this defense, judgment of sentence to be reinstated. If, however, the lower court finds he did not consent, a new trial is to be granted.

---

1. We have reviewed, but find no merit in, the other issues raised by appellant, including (1) sufficiency of the evidence; (2) denial of bail; (3) denial of venue change; (4) suppression of evidence; (5) exclusion of appellant's testimony; (6) admission of photographs; and (7) trial counsel's ineffectiveness with regard to preparation for trial, failure to seek a continuance, choice of favorable defense testimony, sequestration of witnesses, conflicts of interest, and failure to object to an offer of proof.