J-S51037-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSHUA HERDER, | |
| Appellant | No. 317 EDA 2015 |

Appeal from the PCRA Order January 26, 2015
in the Court of Common Pleas of Philadelphia County
Criminal Division at Nos.: CP-51-CR-0007152-2008
CP-51-CR-0007157-2008

BEFORE:  GANTMAN, P.J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:               **FILED SEPTEMBER 15, 2015**

Appellant, Joshua Herder, appeals from the order of January 26, 2015, which dismissed, following a hearing, his first, counseled petition brought under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. On appeal, Appellant claims he received ineffective assistance of trial counsel.  We affirm.

We take the underlying facts and procedural history in this matter from our review of the certified record.

On October 17, 2007, Appellant, while residing at a psychiatric halfway house, stabbed his roommate, Robert Kitchens, to death.[1]  (**See**

_____

[*] Retired Senior Judge assigned to the Superior Court.

Commonwealth's Brief, at 2; *see also* N.T. Trial; 3/23/09, at 25-28).

Appellant maintained that he acted in self-defense because, after refusing to

engage in a homosexual relationship with Kitchens, Kitchens attacked him

with a knife and attempted to assault him. (*See* Commonwealth's Brief, at

3; *see also* N.T. Trial, 3/23/09, at 25-28).

On December 7, 2007, while incarcerated at the Philadelphia Industrial

Correctional Center, awaiting trial on Kitchens' murder, Appellant strangled

his cellmate, Charles Kirkland. (*See* N.T. Trial, 3/19/09, at 57-59; N.T.

Trial, 3/23/09, at 29-33). Appellant claimed he acted in self-defense

because Kirkland had been trying to involve him in a homosexual

relationship and attempted to assault him that evening. (*See* N.T. Trial,

3/19/09, at 57-58; *see also* N.T. Trial, 3/23/09, at 29-33).

On March 5, 2009, after Dr. John O'Brien found Appellant competent

to stand trial, Appellant waived his right to a jury trial in return for the

Commonwealth agreeing not to seek the death penalty. (*See* N.T.

Preliminary Hearing, 3/05/09, at 10-12). On March 23, 2009, following trial,

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯

[1] The trial transcript[s] pertaining to the murder of Kitchens are not included in the certified record. In an effort to obtain them, we contacted the trial court, who was unable to locate them. This Court has clearly stated that it is Appellant's responsibility to ensure that the certified record contains all documents necessary to ensure that we are able to review his claims. *See Commonwealth v. B.D.G.*, 959 A.2d 362, 372 (Pa. Super. 2008); Pa.R.A.P. 1926; Pa.R.A.P. 1931.

the court found Appellant guilty of two counts each of murder in the first degree, and of possessing an instrument of crime. (**See** N.T. Trial, 3/23/09, at 46). The trial court immediately sentenced Appellant to two consecutive terms of incarceration of life without parole; it did not impose any sentence on the remaining charges. (**See id.** at 47). Appellant did not file a direct appeal.

On December 24, 2009, Appellant, acting *pro se*, filed the instant, timely PCRA petition. Following multiple changes of counsel, on September 11, 2014, counsel filed a second amended PCRA petition. The Commonwealth filed a motion to dismiss on October 2, 2014.

A PCRA hearing took place on January 26, 2015. At that hearing, Appellant called Greg Blender, an attorney from the Philadelphia Public Defenders' Mental Health Unit, as a witness. (**See** N.T. PCRA Hearing, 1/26/15, at 5). Attorney Blender was involved in the pre-trial proceedings but did not represent Appellant at trial. (**See id.** at 6-7, 15). Appellant did not call any of the three attorneys who represented him at trial as witnesses.

Attorney Blender testified that they elected not to prepare a guilty but mentally ill defense because he believed that it was "worse than a straight guilty plea." (**Id.** at 9; **see also id.** at 8-9). However, he stated that they believed they had a viable insanity defense but could not present it because Appellant refused to consider it. (**See id.** at 10-15). Instead, Appellant insisted on claiming self-defense, which counsel believed had no chance of

succeeding. (*See id.* at 11-12, 15, 17, 21-22, 25-26). Attorney Blender explained that they did not request a formal pre-trial psychological examination because: (1) they believed that Appellant was competent to stand trial; and (2) they would have to turn over that report to the Commonwealth prior to trial and they were concerned about possible damaging information contained in it. (*See id.* at 19-20). He noted that two mental health professionals employed by the Philadelphia Public Defenders' Office did do informal evaluations of Appellant and that the Court Mental Health Unit Psychiatrist, Dr. O'Brien, found Appellant competent to stand trial. (*See id.* at 13, 19, 23-24).

Appellant testified on his own behalf at the PCRA hearing and claimed that counsel told him that he would get a maximum of fifteen years of incarceration. (*See id.* at 26, 28). He acknowledged that counsel did speak with him about an insanity defense. (*See id.*). When cross-examined, Appellant agreed that he did not want to go to a mental hospital but wanted to be exonerated. (*See id.* at 29).

Immediately following the evidentiary hearing, the PCRA court denied Appellant's petition. The instant, timely appeal followed. On February 8, 2015, Appellant filed a timely statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). On March 25, 2015, the PCRA court issued an opinion. *See* Pa.R.A.P. 1925(a).

On appeal, Appellant raises the following question for our review:

      I.     Were trial counsel ineffective for failing to seek a pretrial psychological examination [for] Appellant because Appellant was known to be mentally ill?

(Appellant's Brief, at 4).

Here, Appellant claims he received ineffective assistance of trial counsel. (*See id.* at 8-15). It is long settled that "[o]ur standard of review from the grant or denial of post-conviction relief is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. We will not disturb findings that are supported by the record." *Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa. Super. 2011), *appeal denied*, 30 A.3d 487 (Pa. 2011) (citations omitted). "The court's scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party." *Commonwealth v. Duffey*, 889 A.2d 56, 61 (Pa. 2005) (citation omitted). Further, to be eligible for relief pursuant to the PCRA, Appellant must establish that his conviction or sentence resulted from one or more of the enumerated errors or defects found in Section § 9543(a)(2). He must also establish that the issues raised in the PCRA petition have not been previously litigated or waived. *See* 42 Pa.C.S.A. § 9543(a)(3). An allegation of error "is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S.A. § 9544(b).

Appellant specifically contends that counsel was ineffective for not seeking a pre-trial psychological evaluation of him, which would have supported an insanity defense and, instead, presenting a non-meritorious claim of self-defense.  (**See** Appellant's Brief, at 8).

Counsel is presumed effective, and an appellant bears the burden to prove otherwise.  **See Commonwealth v. McDermitt**, 66 A.3d 810, 813 (Pa. Super. 2013).  The test for ineffective assistance of counsel is the same under both the Federal and Pennsylvania Constitutions.  **See Strickland v. Washington**, 466 U.S. 668, 687 (1984); **Commonwealth v. Jones**, 815 A.2d 598, 611 (Pa. 2002).  An appellant must demonstrate that:  (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different.  **See Commonwealth v. Pierce**, 786 A.2d 203, 213 (Pa. 2001), *abrogated on other grounds by* **Commonwealth v. Grant**, 813 A.2d 726 (Pa. 2002).  "A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim." **Jones**, *supra* at 611 (citation omitted).

Initially we note that in order to be found not guilty by reason of insanity, a defendant must prove:

> that, at the time of the commission of the offense, the actor was laboring under such a defect of reason, from disease of the mind, as not to know the nature and quality of the act he was

doing or, if the actor did know the quality of the act, that he did not know that what he was doing was wrong.

18 Pa.C.S.A. § 315(b). Further, when the defendant does not present a defense of insanity, he cannot present evidence in support of finding him guilty but mentally ill. *See Commonwealth v. Henry*, 569 A.2d 929, 935-36 (Pa. 1990), *cert. denied*, 499 U.S. 931 (1991), *abrogated on other grounds by Commonwealth v. Wilson*, 861 A.2d 919, 933 (Pa. 2004); *Commonwealth v. Sasse*, 921 A.2d 1229, 1238 n.6 (Pa. Super. 2007), *appeal denied*, 938 A.2d 1052 (Pa. 2007).

In the instant matter, as discussed in detail by the PCRA court in its opinion, counsel wished to present an insanity defense, but Appellant refused to consider it. (*See* PCRA Court Opinion, 3/25/15, at 4-6; *see also* N.T. PCRA Hearing, 1/26/15, at 10-15). Our Supreme Court found that counsel was not ineffective for not overriding the client's wishes in order to present an insanity defense. *See Commonwealth v. Cross*, 634 A.2d 173 (Pa. 1993), *cert. denied*, 513 U.S. 833 (1994), The Pennsylvania Supreme Court stated:

> . . . To plead the defense of insanity suggests that the defendant committed the act, but was not legally culpable. Here, appellant maintained that he had not committed the murders. Therefore, it would have been improper for his attorneys to introduce any evidence of insanity.
>
> \* \* \*
>
> Both the [Pennsylvania Rules of Professional Conduct] and the Comment [to it] make clear that the client is to decide the goal of counsel's representation. Moreover, the Rule does not

> furnish counsel with the right to override what the client considers to be in his best interest. This is particularly true where it has been determined that the client is competent to stand trial.
>
> To be competent for trial a defendant must be capable of understanding the nature and objective of proceedings against him, and be able to cooperate with his legal representative in presentation of his defense. A determination of competency to stand trial would support a determination that appellant was equipped with the same "lucidity" required under [**Commonwealth v.**] **Mizell** [,425 A.2d 424, 426 (Pa. 1981)]. Hence, appellant was mentally capable of making decisions about his defense, and counsel properly complied with his wishes regarding the goals of his representation.

*Id.* (some citations omitted).

Here, as discussed above, the uncontradicted evidence at the PCRA hearing demonstrated that Appellant refused to consider an insanity defense because he wanted to argue self-defense. (**See** N.T. PCRA Hearing, 1/26/15, at 10-15, 17, 21-22, 25-26). Appellant's own behavior at the PCRA hearing supports this, because he interrupted the proceedings on four separate occasions to proclaim he was innocent of the crime, had been molested by the victims, and wanted to get out jail. (**See id.** at 10, 17-18, 23). Further, Appellant testified that he did not want to go to a mental hospital but wanted to present a defense that would result in his immediate release from incarceration. (**See id.** at 29). We will not find counsel ineffective for failing to override the client's express wishes to purse self-defense rather than an insanity defense in the absence of evidence that Appellant was incompetent to stand trial. **See Cross**, **supra** at 175-76.

To the extent that Appellant may be claiming that counsel was ineffective for not pursuing a pre-trial psychological examination which would have demonstrated his incompetence to stand trial, Appellant has failed to present any evidence to support a claim of incompetency. (*See* Appellant's Brief, at 11-13). At the PCRA hearing, Attorney Blender, an attorney with substantial experience defending the mentally ill, testified in detail as to why he believed Appellant was competent to stand trial. (*See* N.T. PCRA Hearing, 1/26/15, at 14, 19-21). Dr. John O'Brien, a psychiatrist with the Court Mental Health Unit, evaluated Appellant prior to trial and found him competent to stand trial. (*See* N.T. Preliminary Hearing, 3/05/09, at 3-4).

In order to support his claim of incompetency Appellant relies on a psychological evaluation conducted in 2013 and 2014. (*See* Second Amended PCRA Petition, 9/11/14, Appendix A, Letter from Dr. Stephen E. Samuel to Stephen O'Hanlon, Esquire, 8/06/14, at pp. 1-9; Appellant's Brief, at 11-13). However, while the evaluation demonstrates that Appellant is mentally ill, something that is not in dispute, it does not demonstrate that he was incompetent to stand trial or to choose his defense. (*See* Second Amended PCRA Petition, 9/11/14, Appendix A, Letter from Dr. Stephen E. Samuel to Stephen O'Hanlon, Esquire, 8/06/14, at pp. 1-9). Rather, Dr. Samuel made no assessment as to Appellant's competency to stand trial in

2009. (**See id.**). With respect to his state of mind at the time of the incident, Dr. Samuel stated:

> With regard to the issue of [Appellant's] state of mind at the time of the incidents[,] which resulted in the charges, I would state the following within a reasonable degree of psychological certainty: [Appellant's] current state of psychosis makes a retrospective assessment of his state of mind at the time of the killings unreliable. To do so would be based on ungrounded speculation. Although [Appellant's] diagnosis is clear, and while his diagnosis implies a certain, if not variable clinical course, retrospectively establishing a case for mental incapacity, or even a period of lucid capacity in him in 2007, solely on the basis of his current diagnosis and mental state, is unreliable.

(**Id.** at 9). Thus, Appellant's claim that, but for counsel's failure to request a pre-trial psychological evaluation he would have been found incompetent to stand trial and that, therefore, counsel could have presented an insanity defense, lacks merit.

Accordingly, for the reasons discussed above we find that PCRA court's determination is supported by the evidence of record and is free of legal error. **See Ousley**, **supra** at 1242. Therefore, we affirm the denial of Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/15/2015