J. A21043/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
MIGUEL GONZALEZ, : No. 840 EDA 2020
:
Appellant :

Appeal from the PCRA Order Entered March 15, 2019,
In the Court of Common Pleas of Monroe County
Criminal Division at No. CP-45-CR-0001582-2006

BEFORE: LAZARUS, J., DUBOW, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED NOVEMBER 16, 2020**

Miguel Gonzalez appeals from the March 15, 2019 order, entered in the Court of Common Pleas of Monroe County, denying his PCRA petition.[1] After careful review, we affirm.

Appellant was charged in connection with the death of Jeannette Claudio, his girlfriend/wife.[2] The relevant factual history is as follows:

> On November 18, 2006, police responded to a report of Jeannette Claudio lying dead in a house. [Appellant] also had a head wound and a loaded gun was found lying next to his body. [Appellant] was arrested and removed in an ambulance. [Appellant] survived and was apparently able to recover from the

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] Ms. Claudio is alternatively referred to as either appellant's girlfriend or wife.

head wound. The couple's two children were in the residence at the time of the murder.

PCRA court Rule 1925(a) opinion, 3/15/19 at 1. At trial, appellant's counsel conceded that appellant was the shooter, and presented a diminished capacity defense, despite appellant's testimony as to his innocence. (**Id.** at 1, 3; appellant's PCRA petition, 7/19/18 at 3-4, ¶¶ 5(III), 6(A).)

The relevant procedural history, as found by the PCRA court, is as follows:

> On [October 7], 2008, after trial by jury, appellant was convicted of first[-]degree murder, [third-degree murder,] two counts of recklessly endangering another person, possession of a firearm prohibited, and intercept[ed] communication[s].[3] On January 12, 2009, appellant was sentenced to life imprisonment without parole followed by incarceration of not less than four, nor more than eight years. [On January 21, 2009, appellant filed a motion for reconsideration of sentence which was denied by the trial court on January 23, 2009.]
>
> On February 10, 2009, appellant filed a notice of appeal to the Pennsylvania Superior Court. The Superior Court affirmed the conviction and judgment of sentence by memorandum decision on December 30, 2009. Appellant filed a petition for allowance of appeal with the Pennsylvania Supreme Court, which was denied on July 14, 2010. Following this denial, appellant did not file any petition for post-conviction relief at the state level.
>
> On December 9, 2010, appellant filed a **pro se** petition for federal **habeas corpus** relief in the United States District Court for the Eastern District of Pennsylvania alleging ineffective assistance of counsel

---

3 18 Pa.C.S.A. §§ 2501(a), 2502(c), 2705, 6105(a)(1), and 5703(1), respectively.

and prosecutorial misconduct. By order dated May 13, 2011, the case was transferred to the United States District Court for the Middle District of Pennsylvania. The District Court denied appellant's habeas corpus petition for failure to exhaust state remedies and concluded, "[appellant] failed to qualify for any exception for his procedural default, as he ha[d] not alleged either cause and prejudice or a fundamental miscarriage of justice." *Gonzalez v. Pennsylvania*, No. 4: CV-11-0955, 2014 WL 2090699, at *3 (M.D. Pa. 2014). On July 19, 2016, the United States Court of Appeals for the Third Circuit affirmed the District Court's decision. Appellant filed a petition for writ of *certiorari* to the U.S. Supreme Court on January 12, 2017, which was denied on March 25, 2019.

On July 19, 2018, appellant filed a *pro se* motion for post-conviction collateral relief. On August 3, 2018, [the PCRA court] appointed Brian Gaglione, Esq., as appellant's counsel. On March 1[5], 2019, after hearing,[4] [the PCRA] court issued a PCRA opinion and order denying appellant's PCRA petition and affording appellant thirty (30) days to file an appeal with the Pennsylvania Superior Court. Appointed counsel[,] Brian Gaglione, Esq., failed to file a timely appeal. On August 19, 2019, appellant filed a *pro se* PCRA petition for restoration of appellate rights, *nunc pro tunc,* based on the allegation his court-appointed counsel failed to file a timely appeal, and that said failure constituted *per se* ineffectiveness of counsel. On September 16, 2019, [the PCRA court] removed Brain [sic] Gaglione, Esq., and appointed Janet Marsh Catina, Esq. as [appellant]'s court-appointed attorney and scheduled a hearing.

On November 8, 2019, after hearing and with the concurrence of the Commonwealth, [the PCRA] court granted [appellant]'s *pro se* petition for reinstatement of appellate rights, *nunc pro tunc.* Appellant was afforded thirty (30) days to file an

---

[4] The hearing was held on January 7, 2010.

> appeal with the Pennsylvania Superior Court. Appointed counsel, Janet Marsh Catina, Esq., failed to file a timely appeal. By order dated February 21, 2020, [the PCRA] court reinstated appellant's appellate rights and afforded thirty (30) days to file an appeal with the Pennsylvania Superior Court. In addition, [the PCRA court] removed Janet Marsh Catina, Esq. as counsel, and appointed Lauren E. Allu, Esq., as counsel to represent appellant for the purpose of appeal.
>
> Appellant filed his notice of appeal on March 2, 2020. . . .

PCRA court Rule 1925(a) opinion, 4/15/20 at 1-3 (extraneous capitalization omitted; some bolding and italics added). On March 4, 2020, the PCRA court ordered appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.C.P. 1925(b). Appellant timely complied. The PCRA court filed its Rule 1925(a) opinion on April 15, 2020, incorporating its prior PCRA opinion and order of March 15, 2019.

Appellant raises the following issues on appeal:

> 1. Did the trial [c]ourt commit reversible error when it held that a new constitutional right was not created by the Supreme Court's decision in *McCoy v. Louisiana*, 138 S.Ct. 1500 (2018)?
>
> 2. Did the trial [c]ourt commit reversible error when it held that the holding in *McCoy v. Louisiana*, 138 S.Ct. 1500 (2018) was not retroactive?

Appellant's brief at 6.

In his brief, appellant contends:

> that his trial counsel was ineffective by questioning his innocence, presenting a diminished capacity defense

> without consulting [a]ppellant of the overall trial strategy and contradicting [a]ppellant's testimony in court that he was innocent. Appellant argued [sic] a violation of his constitutional rights under the Sixth Amendment of the U.S. Constitution as incorporated to the Commonwealth by the Fourteenth Amendment. Specifically, [that] his constitutional rights were violated when he was not able to decide on the objective of his defense.

*Id.* at 9 (citations omitted). Appellant argues that *McCoy* created a new constitutional right that "a criminal defendant has a constitutional right to decide the objective of his defense," and that this right applies retroactively. (*Id.* at 11.)

"When reviewing the denial of a PCRA petition, this court's standard of review is limited to whether the PCRA court's determination is supported by evidence of record and whether it is free of legal error. . . . We review the PCRA court's legal conclusions *de novo*." *Commonwealth v. Hart*, 199 A.3d 475, 481 (Pa.Super. 2018) (citations and quotation marks omitted).

Initially, we note that appellant does not contend that his PCRA petition is timely. Rather, appellant argues that *McCoy* created a new constitutional right, and therefore, he falls within the new constitutional right exception to the timeliness requirement. *See* 42 Pa.C.S.A. § 9545(b)(iii). Section 9545(b)(iii) provides that to invoke the constitutional right exception to the timeliness requirement, the petitioner must prove that "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time

period provided in this section and has been held by that court to apply retroactively." *Id.*

Section 9545(b)(2) was amended to provide that, as to claims arising after December 24, 2017, "[a]ny petition invoking an exception . . . shall be filed within one year of the date the claim could have been presented." *Id.* The constitutional right exception runs from the date of the decision recognizing the new right. *See Commonwealth v. Secreti*, 134 A.3d 77, 80 (Pa.Super. 2016). *McCoy* was decided on May 14, 2018. Thus, appellant had until May 14, 2019, to bring a claim under the constitutional right timeliness exception. Appellant satisfied the threshold requirement, for asserting the new constitutional right exception to the timeliness requirement, by filing his petition on July 19, 2018. To fall within the exception, however, this court has held:

> [s]ubsection (iii) of Section 9545 has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or this court after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

*Commonwealth v. Murphy*, 180 A.3d 402, 405 (Pa.Super. 2018) (citation

omitted), *appeal denied*, 195 A.3d 559 (Pa. 2018).

As to whether *McCoy* created a new constitutional right, the Supreme

Court held as follows:

> When a client expressly asserts that the objective of
> "*his* defence" is to maintain innocence of the charged
> criminal acts, his lawyer must abide by that objective
> and may not override it by conceding guilt.
> U.S. Const. Amdt. 6 (emphasis added) . . . .
>
> Preserving for the defendant the ability to decide
> whether to maintain his innocence should not displace
> counsel's, or the court's, respective trial management
> roles.

*McCoy*, 138 S.Ct. at 1509 (emphasis and quotation marks in original; some

citations omitted).

The Supreme Court further explained:

> Violation of a defendant's Sixth Amendment-secured
> autonomy ranks as error of the kind our decisions
> have called "structural"; when present, such an error
> is not subject to harmless-error review. . . . Structural
> error affect[s] the framework within which the trial
> proceeds, as distinguished from a lapse or flaw that is
> simply an error in the trial process itself. An error
> may be ranked structural, we have explained, if the
> right at issue is not designed to protect the defendant
> from erroneous conviction but instead protects some
> other interest, such as the fundamental legal principle
> that a defendant must be allowed to make his own
> choices about the proper way to protect his own
> liberty. An error might also count as structural when
> its effects are too hard to measure, as is true of the
> right to counsel of choice, or where the error will
> inevitably signal fundamental unfairness, as we have
> said of a judge's failure to tell the jury that it may not

> convict unless it finds the defendant's guilt beyond a reasonable doubt.
>
> Under at least the first two rationales, counsel's admission of a client's guilt over the client's express objection is error structural in kind. Such an admission blocks the defendant's right to make the fundamental choices about his own defense. And the effects of the admission would be immeasurable, because a jury would almost certainly be swayed by a lawyer's concession of his client's guilt.

*Id.* at 1511 (citations and quotation marks omitted).

*McCoy*, however, did not recognize a new constitutional right. In

*Commonwealth v. Weiss*, 81 A.3d 767 (Pa. 2013), our supreme court

stated:

> [O]nly a criminal defendant has the authority to concede criminal liability and authorize counsel to present a defense of diminished capacity. Counsel cannot do so over the objections of a client who maintains his innocence. *Commonwealth v. Weaver,* . . . 457 A.2d 505, 506-07 (1983) (holding that even if diminished capacity was the only viable defense, trial counsel would be deemed ineffective for presenting this defense without the consent of the defendant).

*Id.* at 798. Furthermore, a recent panel of this court held:[5]

> [A] defendant's "secured autonomy" under the Sixth Amendment is not a "new" constitutional right. *See, e.g.*, *Florida v. Nixon*, 543 U.S. 175, 125 S.Ct. 551, 160 L.Ed.2d 565 (2004) (recognizing defendant's ultimate authority to decide whether to plead guilty, waive jury trial, testify in his own defense, or take appeal); *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) (explaining Sixth

---

[5] "This panel is not empowered to overrule another panel of the Superior Court." *Commonwealth v. Beck*, 78 A.3d 656, 659 (Pa.Super. 2013).

> Amendment grants to accused personally right to make his own defense; Sixth Amendment speaks of "assistance" of counsel; "assistant," however expert, is still assistant). ***McCoy*** simply applied a defendant's well-rooted Sixth Amendment right to autonomy to a new set of circumstances. ***See***, ***e.g.***, ***Commonwealth v. Garcia***, 23 A.3d 1059 (Pa.Super. 2011), ***appeal denied***, 614 Pa. 710, 38 A.3d 823 (2012) (holding application of criminal defendant's long-standing constitutional right to effective assistance of counsel to new set of facts did not create "new constitutional right" under PCRA). ***See*** 42 Pa.C.S.A. § 9545(b)(1)(iii).

***Commonwealth v. Hoffman***, 2020 WL 200838 at *2 (Pa.Super. January 13, 2020) (unpublished memorandum) (quotation marks in original); ***see also***

***Commonwealth v. Manus***, 2019 WL 2598179 (Pa.Super. June 25, 2019) (unpublished memorandum). Therefore, appellant has failed to meet the first prong of the new constitutional right timeliness exception.

Assuming, ***arguendo***, that ***McCoy*** recognized a new constitutional right, the exception in Section 9545(b)(1)(iii) would still be inapplicable.

> Moreover, even assuming that ***McCoy*** announced a newly recognized constitutional right, appellant has failed to establish that the ***McCoy*** decision applies retroactively to cases on collateral review. The Supreme Court of Pennsylvania has expressly stated that "the language 'has been held' in Section 9545(b)(1)(iii) means that a **retroactivity** determination must exist **at** the time that the petition is filed." ***Commonwealth v. Abdul-Salaam***, 812 A.2d 497, 502 (Pa. 2002) (emphasis added). The Supreme Court of the United States has also made no such determination.

***Commonwealth. v. Traub***, 236 A.3d 1112, 2020 WL 1922527 *3 (Pa.Super.

April 21, 2020) (unpublished memorandum) (emphasis and quotation marks

in original). *See also Commonwealth v. Murphy*, 180 A.3d 402, 405-406 (Pa.Super. 2018) (holding new constitutional right exception only applies if Supreme Court of United States or Supreme Court of Pennsylvania held right at issue applies retroactively), *appeal denied*, 195 A.3d 559 (Pa. 2018).

Here, appellant has failed to establish that *McCoy* has been held by the Supreme Court of the United States to apply retroactively on collateral review. *See Commonwealth v. Brown*, 2020 WL 3224911 (Pa.Super. June 15, 2020) (unpublished memorandum) (holding *McCoy* does not apply retroactively).[6]

For the preceding reasons, appellant's petition cannot satisfy either prong of the PCRA's new constitutional right timeliness exception and, therefore, the PCRA court did not err or abuse its discretion in dismissing appellant's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/16/20

---

[6] Several panels of this court have held *McCoy* does not apply retroactively, including *Commonwealth v. Parker*, 2020 WL 755044 *3 (Pa.Super. February 14, 2020) (unpublished memorandum).