J-S68001-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
:          PENNSYLVANIA
:
v.                :
:
:
NATHAN HENRY WILLIAMS         :
:
Appellant        :   No. 649 WDA 2017

Appeal from the PCRA Order May 1, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0015286-2011


BEFORE:   SHOGAN, J., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY SHOGAN, J.:         **FILED MARCH 21, 2019**

Appellant, Nathan Henry Williams, appeals *pro se* from the order denying his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On direct appeal, the trial court summarized the underlying facts of this case as follows:

> The facts introduced at trial established that on August 28, 2011, at approximately 6:00 a.m., Devola Hatten was in her bedroom on Colwell Street when her attention was drawn outside when she heard screaming.  She indicated it was a female voice yelling "help, help, call the police, call the police." (N.T. 46).  She went to the window, looked out and in the dim light of that early morning, saw two shadowy figures entering an alleyway.  One was chasing the other.  She saw the first figure being chased stop, turn around and strike towards her pursuer in a scratching or clawing motion. (N.T. 47).  She could not identify either person nor could she state, from that distance, what their gender was.  She believed that one was a female based on the voice she heard.

_____
*   Former Justice specially assigned to the Superior Court.

After they disappeared in the alleyway, she returned to her bed. She looked out the window a few minutes later and saw a single figure walking away from the area where the two had been heading. She also indicated that she did not call the police nor go down there because occurrences like that were not unusual. The area that she was looking into was often frequented by prostitutes and drug dealers.

Corey Ribovic, who lived in an apartment building near the same alleyway, testified that at approximately noon on August 29th, he went on his balcony to smoke a cigarette when he observed what appeared to be a mannequin lying at the edge of his apartment complex's parking lot. He called the police and later learned that, in fact, what he observed was the body of the victim.

When the police arrived, they found the woman's naked body lying face down. She had a ligature around her neck. Her clothes were burned and her body had burns in her genital region. An empty bottle of alcohol lay nearby and appeared to have only recently been left there. The crime scene was preserved, including the victim's body, which was taken to the Medical Examiner's Office for autopsy. Prior to the autopsy, evidence was retrieved from the victim's body. Swabs were taken from her vagina, rectum and inside her mouth. Her fingernails were clipped and any material under them was preserved. The ligature was taken off her neck and preserved. All of these materials were subjected to DNA analysis. The cause of death, according to the pathologist, Todd Lukasevic, M.D., was strangulation.

Trial Court Opinion, 1/27/14, at 4–5.

Because Appellant's DNA matched the DNA recovered from the victim, on January 9, 2012, Appellant was charged with criminal homicide, rape, involuntary deviate sexual intercourse ("IDSI"), and abuse of corpse.[1] On July 16, 2012, a jury convicted Appellant of first-degree murder and abuse of corpse. The jury found Appellant was not guilty of the crimes of rape and

---

[1] 18 Pa.C.S. §§ 2501, 3121(a)(1), 3123(a)(1), and 5510, respectively.

- 2 -

IDSI. On September 24, 2012, the trial court sentenced Appellant to serve a mandatory term of life imprisonment for the murder conviction. Appellant also received a concurrent sentence of one to two years for the abuse of corpse conviction. Appellant filed timely post-sentence motions, which were denied by operation of law. Subsequently, on December 23, 2014, this Court affirmed Appellant's judgment of sentence, and our Supreme Court denied Appellant's petition for allowance of appeal on June 10, 2015. *Commonwealth v. Williams*, 116 A.3d 699, 896 WDA 2013 (Pa. Super. filed December 23, 2014) (unpublished memorandum), *appeal denied*, 117 A.3d 297 (Pa. 2015).

On March 2, 2016, Appellant filed this timely *pro se* PCRA petition. PCRA counsel was appointed and subsequently withdrew because he had participated in the prosecution of Appellant. The PCRA court then appointed new PCRA counsel, who filed a motion to withdraw and a *Turner/Finley* no-merit letter.[2] On February 9, 2017, the PCRA court filed its notice of intent to dismiss and permitted PCRA counsel to withdraw. Appellant filed an objection to the notice to dismiss. On May 1, 2017, the PCRA court entered an order dismissing Appellant's PCRA petition. This timely appeal followed. The PCRA court did not direct Appellant to file a statement pursuant to Pa.R.A.P. 1925(b). On May 30, 2017, the PCRA court entered an order stating that its

_____

[2] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

reasons for dismissal of Appellant's PCRA petition were set forth in the notice of intent to dismiss, thereby satisfying the requirements of Pa.R.A.P. 1925(a).

Appellant presents the following issues for our review, which we reproduce verbatim:

> Was Counsel ineffective at the Preliminary hearing for: failing to act as an advocate by stipulating to her client's guilt that violated the Cronic standard for effective assistance of Counsel, as Counsel failed to function in any meaningful sense as the Commonwealth's adversary, or there was a brakdown in the adversrial prosess
>
> Was Counsel ineffective at the jury trial for: failing to effectively challenge the sufficiency of the Commonweath's evidence to sustain the frist degree murder conviction beyond a reasonable doubt at the end of trial and move the Court to vacate the frist degree murder conviction
>
> Was Counsel ineffective at the jury trial for: failing to effectively challenge the sufficiency of the Commonwealth's evidence to sustain the abuse of corpes conviction beyond a reasonable doubt at the end of trial and move the Court to vacate the abuse of corpes conviction
>
> Whether the trial Court erred in dismissing Appellant's frist PCRA Petition without a hearing

Appellant's Brief at 6.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Rykard*, 55 A.3d 1177, 1183 (Pa.

Super. 2012). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. **Commonwealth v. Rigg**, 84 A.3d 1080, 1084 (Pa. Super. 2014).

Moreover, a PCRA court may decline to hold a hearing on the petition if it determines that the petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence. **Commonwealth v. Jordan**, 772 A.2d 1011, 1014 (Pa. Super. 2001). A reviewing court on appeal must examine each of the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and denying relief without an evidentiary hearing. **Id.**

Appellant's first three issues challenge the effective assistance of prior counsel. Our Supreme Court has long stated that in order to succeed on a claim of ineffective assistance of counsel, an appellant must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's performance lacked a reasonable basis; and (3) that the ineffectiveness of counsel caused the appellant prejudice. **Commonwealth v. Pierce**, 786 A.2d 203, 213 (Pa. 2001).

We have explained that counsel cannot be deemed ineffective for failing to pursue a meritless claim. **Commonwealth v. Loner**, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*). Moreover, with regard to the second prong, we

have reiterated that trial counsel's approach must be "so unreasonable that no competent lawyer would have chosen it." *Commonwealth v. Ervin*, 766 A.2d 859, 862-863 (Pa. Super. 2000) (quoting *Commonwealth v. Miller*, 431 A.2d 233 (Pa. 1981)).

Our Supreme Court has discussed "reasonableness" as follows:

Our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable* basis designed to effectuate his client's interests. The test is not whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decision had any reasonable basis.

*Commonwealth v. Pierce*, 527 A.2d 973, 975 (Pa. 1987) (quoting *Commonwealth ex rel. Washington v. Maroney*, 235 A.2d 349 (Pa. 1967)) (emphasis in original).

In addition, we are mindful that prejudice requires proof that there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different. *Pierce*, 786 A.2d at 213. "A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." *Commonwealth v. Daniels*, 963 A.2d 409, 419 (Pa. 2009) (citing *Commonwealth v. Sneed*, 899 A.2d 1067 (Pa. 2006)). Thus, when it is clear that a petitioner has failed to meet the prejudice prong of an ineffective-assistance-of-counsel claim, the claim may be disposed of on that

basis alone, without a determination of whether the first two prongs have been met. ***Commonwealth v. Baker***, 880 A.2d 654, 656 (Pa. Super. 2005).

It is presumed that the petitioner's counsel was effective, unless the petitioner proves otherwise. ***Commonwealth v. Williams***, 732 A.2d 1167, 1177 (Pa. 1999). Moreover, we are bound by the PCRA court's credibility determinations where there is support for them in the record. ***Commonwealth v. Battle***, 883 A.2d 641, 648 (Pa. Super. 2005) (citing ***Commonwealth v. Abu-Jamal***, 720 A.2d 79 (Pa. 1998)).

Appellant first argues that his counsel rendered ineffective assistance at Appellant's preliminary hearing. Appellant's Brief at 18-23. Appellant asserts that counsel erred by entering into stipulations concerning DNA evidence. ***Id***. at 21-22. In addition, Appellant avers that counsel failed to zealously advocate at the preliminary hearing. ***Id***. at 22-23.

We observe that ineffective assistance of counsel claims relative to a preliminary hearing are cognizable under the PCRA. ***Stultz***, 114 A.3d at 882. Regardless, a petitioner needs to establish the prejudice prong of the ***Pierce*** test, which requires a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different. ***Pierce***, 786 A.2d at 213. We are mindful that the purpose of a preliminary hearing is to avoid the incarceration or trial of a defendant unless there is sufficient evidence to establish a crime was committed and the probability the defendant could be connected with the crime. ***Commonwealth v. Tyler***, 587 A.2d 326, 328 (Pa.

Super. 1991) (citing **Commonwealth v. Wojdak**, 466 A.2d 991 (Pa. 1983)).

Its purpose is not to prove a defendant's guilt. **Id**. Further, our Supreme

Court has concluded that "once a defendant has gone to trial and has been

found guilty of the crime or crimes charged, any defect in the preliminary

hearing is rendered immaterial." **Commonwealth v. Sanchez**, 82 A.3d 943,

984 (Pa. 2013); **see Stultz**, 114 A.3d at 882 (quoting **Sanchez**). We have

long stated that "the failure to establish a *prima facie* case at a preliminary

hearing 'is clearly immaterial where at the trial the Commonwealth met its

burden by proving the [offense] beyond a reasonable doubt.'"

**Commonwealth v. Troop**, 571 A.2d 1084, 1088 (Pa. Super. 1990) (quoting

**Commonwealth v. McCullough**, 461 A.2d 1229, 1231 (Pa. 1983)). **See**

**Commonwealth v. Fewell**, 654 A.2d 1109, 1112 (Pa. Super. 1995) (holding

that an alleged error at the preliminary hearing stage is moot once the

appellant was convicted by a jury at a fair and impartial trial).

Our review of the record reflects that trial counsel also represented

Appellant at the preliminary hearing. N.T., 12/9/11, at 3. The record futher

reflects that counsel stipulated to certain uncontroverted facts at the

preliminary hearing.[3] **Id**. at 3-4, 6-7, 29-30. In addition, at the conclusion

---

[3] Specifically, stipulations were entered into concerning the autopsy protocol, collection of evidence from the victim's body, and the cause and manner of death, N.T., 12/9/11, at 3-4, that, in the opinion of the doctor performing the autopsy, the third degree burns were suffered post-mortem, *id*. at 6-7, and that Appellant's DNA was submitted to the DNA database following a conviction of receiving stolen property. **Id**. at 29-30.

of the preliminary hearing, counsel made the following statement with regard to the murder charge, which indicates an acceptance that the Commonwealth established a *prima facie* case with regard to the crime:

> I have no argument in terms of the homicide because his DNA was found on the murder weapon, so to speak, so I think at this stage of the game it would be foolish to argue.

*Id*. at 30.

It is undisputed that a jury subsequently found Appellant guilty of first degree murder and abuse of corpse and acquitted him of rape and IDSI. Therefore, any alleged error at the preliminary hearing is both immaterial and moot. *Troop*, 571 A.2d at 1088; *Fewell*, 654 A.2d at 1112. Accordingly, Appellant cannot establish that he was prejudiced by counsel's conduct at his preliminary hearing. Hence, Appellant's claim of ineffective assistance in this regard fails.

Second, Appellant argues that trial counsel was ineffective for failing to make a motion for judgment of acquittal with regard to the homicide charge at the conclusion of the Commonwealth's case. Appellant's Brief at 24-37. Essentially, Appellant claims that there was insufficient evidence to support his conviction and trial counsel was ineffective for failing to pursue the issue.

Trial counsel cannot be deemed ineffective for failing to file a motion devoid of merit. *Loner*, 836 A.2d at 132. In Pennsylvania, trial counsel is not ineffective for failing to move for a directed verdict at completion of the prosecution's case, when the prosecution has presented a *prima facie* case

and there was sufficient evidence to sustain a guilty verdict. ***Commonwealth v. Stewart***, 450 A.2d 732, 735 (Pa. Super. 1982). The test for ruling upon a motion for a directed verdict is whether "the prosecution's evidence, and all inferences arising there from, considered in the light most favorable to the prosecution are insufficient to prove beyond a reasonable doubt that the accused is guilty of the crimes charged." ***Id***. (quoting ***Commonwealth v. Finley***, 383 A.2d 1259, 1260 (Pa. 1978)). Thus, judgment of acquittal is proper only when the evidence, viewed in the light most favorable to the Commonwealth, is insufficient to establish a crime. ***Commonwealth v. Foster***, 33 A.3d 632, 634-635 (Pa. Super. 2011).

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder['s]. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Estepp***, 17 A.3d 939, 943-944 (Pa. Super. 2011).

Murder is defined, in relevant part, as follows:

- 10 -

**§ 2502. Murder**

**(a) Murder of the first degree.--**A criminal homicide constitutes murder of the first degree when it is committed by an intentional killing.

18 Pa.C.S. § 2502(a). The Pennsylvania Supreme Court has discussed the elements of first-degree murder as follows:

> To convict a defendant of first-degree murder, the Commonwealth must prove: a human being was unlawfully killed; the defendant was responsible for the killing; and the defendant acted with malice and a specific intent to kill.

*Commonwealth v. Houser*, 18 A.3d 1128, 1133 (Pa. 2011) (internal citations omitted.)

A killing is intentional if it is done in a willful, deliberate, and premeditated fashion. 18 Pa.C.S. § 2502. The period of reflection needed to establish deliberation and premeditation may be as brief as a fraction of a second. *Commonwealth v. Rivera*, 983 A.2d 1211, 1220 (Pa. 2009). Indeed, the deliberation and premeditation needed to establish intent exist whenever the assailant possesses the conscious purpose to bring about death. *Id*. The Commonwealth may use circumstantial evidence to establish the elements of first-degree murder, including the element of intent. *Id*. Furthermore, our Supreme Court has stated that "death by manual strangulation [is] sufficient to establish that the perpetrator acted maliciously and with a specific intent to kill." *Commonwealth v. Cooper*, 941 A.2d 655, 662 (Pa. 2007).

- 11 -

On direct appeal, Appellant raised an issue challenging the weight of the evidence, which the trial court analyzed, in part, as a challenge to the sufficiency of the evidence. In addressing Appellant's issue, the court offered the following astute observations regarding the evidence presented by the Commonwealth:

> Turning to the Homicide count, [Appellant] contends that the evidence was insufficient because "the only evidence that connects [Appellant] to the death of the victim is his touch DNA on the instrument of her death". That, however, was not the "only evidence". In addition, the presence of [Appellant's] DNA on other parts of her body, as well as [Appellant's] admission to being present with her that night, constituted additional evidence. [Appellant's] changing explanations also was evidence that the jury was free to consider reaching a verdict.
>
> * * *
>
> [Appellant's] DNA placed him with the victim shortly before her death. His claim that he left another person with the victim is contradicted by the eyewitness testimony of Devola Hatten who saw two people go back in the alley and one emerge a short time later. Finally, [Appellant's] touch DNA on the instrument of her death, when combined with all the other evidence, certainly supported the jury's determination that it was [Appellant] who strangled her.

Trial Court Opinion, 1/27/14, at 10-11.

Upon review of the certified record, we agree with the trial court's conclusion that there was sufficient evidence to support the conviction of first-degree murder. The Commonwealth presented the testimony of Devola Hatten, indicating that she was looking out of her window and observed two people entering the alleyway where the victim was discovered, and one was calling for help. N.T., 7/11-16/12, at 69. When Ms. Hatten looked out of her

- 12 -

window fifteen minutes later, she saw one person leaving the alleyway. *Id*. at 71. She explained that she was not alarmed because the area is known for drug use and prostitution. *Id*. at 70-71. The Commonwealth presented testimony from Detective Harry Lutton of the Pittsburgh Police Department indicating that the victim had a pink shoelace tied around her neck. N.T., 7/11-16/12, at 130. In addition, Dr. Todd Luckasevic of the Allegheny County Medical Examiner's Office testified that, during the autopsy of the victim, the pink shoelace was so tight that it had to be removed surgically. *Id*. at 222. Dr. Luckasevic opined that the victim's cause of death was ligature strangulation and the manner of death was homicide. *Id*. at 242. The ligature was then submitted to the forensic laboratory. *Id*. at 223. In addition, during the autopsy, swabs were taken of the victim's vaginal and rectal areas and fingernail clippings were also taken. *Id*. at 235-240. The Commonwealth also presented the testimony of Walter Lorenz, an expert in forensic biology at the Allegheny County Medical Examiner's Office, who testified that Appellant's DNA that appeared on the ligature used to strangle the victim was consistent with DNA having been left by Appellant touching the item, as opposed to a stranger transferring Appellant's DNA to the item. *Id*. at 365. Appellant's DNA also matched a brown stain under the victim's fingernail, as well as the seminal fluid on the swabs from the victim's vagina and rectum. *Id*. at 330-333, 343. Viewed in the light most favorable to the Commonwealth, this evidence is sufficient to establish that Appellant committed the crime of first-

degree murder beyond a reasonable doubt. Accordingly, we conclude that there is no merit to Appellant's underlying claim that trial counsel was ineffective for failing to present a challenge the sufficiency of the evidence *via* a motion for judgment of acquittal. Hence, this issue lacks merit.

Appellant next argues that trial counsel was ineffective for failing to effectively challenge the sufficiency of the evidence to sustain his conviction of abuse of corpse. Appellant's Brief at 38-40. Appellant contends that trial counsel should have challenged the sufficiency at the end of trial and should have sought to vacate the conviction. ***Id***. Appellant asserts that the Commonwealth failed to prove that the victim was a corpse when her body was burned and failed to prove that Appellant was the person who abused the victim's body. ***Id***. at 39-40.

We observe that, "to be entitled to PCRA relief, a petitioner must plead and prove, *inter alia*, that the allegation of error has not been previously litigated or waived." ***Commonwealth v. Berry***, 877 A.2d 479, 482 (Pa. Super. 2005). ***See*** 42 Pa.C.S. § 9543(a)(3) (setting forth requirement that, for purposes of obtaining PCRA relief, an issue must not have been previously litigated). A claim is previously litigated under the PCRA if the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue. 42 Pa.C.S. § 9544(a)(2). Moreover, an "appellant cannot obtain post-conviction review of claims previously litigated on appeal by challenging ineffective assistance of prior counsel and

presenting new theories of relief to support previously litigated claims." ***Commonwealth v. Santiago***, 855 A.2d 682, 697 (Pa. 2004) (quoting ***Commonwealth v. Beasley***, 678 A.2d 773, 778 (Pa. 1996)). ***See also Commonwealth v. Hutchins***, 760 A.2d 50, 55 (Pa. Super. 2000) (stating that a PCRA petitioner cannot obtain PCRA review of previously litigated claims by presenting those claims again in a PCRA petition and setting forth new theories in support thereof).

Our review of the record reflects that, on direct appeal to this Court, Appellant specifically challenged the sufficiency of the evidence supporting his conviction of abuse of corpse, and this Court addressed the claim. ***Williams***, 116 A.3d 699, 896 WDA 2013 (unpublished memorandum at 3, 8). In Appellant's direct appeal, we relied upon the opinion of the trial court in concluding that the conviction for abuse of corpse was supported by the evidence. ***See id***. at 8. Therefore, because the challenge to the sufficiency of the evidence was previously litigated on direct appeal, it is not cognizable for our review, and Appellant's attempt to cloak the claim in the guise of a challenge to the effective assistance of counsel cannot rescue the issue for our review.

Appellant's final issue in his statement of questions presented insinuates that the PCRA court erred in failing to hold a hearing prior to dismissing his PCRA petition. Appellant, however, completely failed to develop this argument in his brief. Accordingly, we are constrained to conclude that Appellant has

abandoned any claim in this regard by failing to properly develop it in the argument portion of his brief, and we find this issue waived. Pa.R.A.P. 2119(a). **See Commonwealth v. Tha**, 64 A.3d 704, 713 (Pa. Super. 2013) (stating that "[f]ailure to present or develop an argument in support of a claim causes it to be waived"). Therefore, we will not address the issue.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/21/2019